IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. 11-cv-03471- KJM-AC |
| EVERETT H., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. 13-cv-00889-MCE-DAD<br><br>ORDER ON RELATED CASE REQUEST |

Examination of the above-captioned actions reveals that they are not related within the meaning of Local Rule 123(a). Under Local Rule 123(a), two actions are related when:

1

1  (1) [B]oth actions involve the same parties and are based on the same
   or a similar claim;
2  (2) both actions involve the same property, transaction, or event;
   (3) both actions involve similar questions of fact and the same question
3  of law and their assignment to the same Judge or Magistrate Judge is likely to
   effect a substantial savings of judicial effort, either because the same result should
4  follow in both actions or otherwise; or
   (4) for any other reasons, it would entail substantial duplication of labor
5  if the actions were heard by different Judges or Magistrate Judges.

6  Local Rule 123(a)(3).

7  Although both cases name the California Department of Education (CDE) as a

8  defendant, *Morgan Hill* focuses on CDE's alleged deficiencies throughout the state, whereas the

9  facts alleged in the *Everett H* complaint concern only one particular school.  Thus, assigning

10 both cases to the same judge would not result in a substantial savings of judicial effort.    The

11 court declines to reassign *Everett H* under Local Rule 123(c).

12 IT IS SO ORDERED.

13 DATED: July 31, 2013.

15 _____
   UNITED STATES DISTRICT JUDGE