UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MORGAN HILL CONCERNED
PARENTS ASSOC., CONCERNED
PARENTS ASSOC.,

Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF
EDUCATION, et al.,

Defendants.

No. 2:11-cv-03471-KJM-AC

ORDER

The court held a status conference on February 14, 2014 at which Rony Sagy appeared for plaintiffs and Brenda Ray, Niromi Pfeiffer, R. Matthew Wise, and Paul Lacy appeared for defendants.  At status, the court discussed the parties' impasse on stipulating to a protective order as well as the parties' progress, or lack thereof, on discovery.  The court now issues this order to confirm the schedule outlined at status and to provide guidance for resubmission of a proposed protective order.

I.      Schedule for Determining Notice

Plaintiffs note that defendants have identified five electronic databases containing potentially relevant information.  Plaintiffs seek these databases unaltered and in their native format so they can efficiently conduct data mining.  Plaintiffs clarified they are seeking data on

1  students back to 2008 only, and that they do not need to know students' personal identifying

2  information, including names, in order to prosecute their case.  Defendants maintain that several

3  federal and state statutes, including the Family Educational Rights and Privacy Act (FERPA),

4  appearing in relevant part at 20 U.S.C. § 1232g, do not permit disclosure of these databases even

5  in litigation without redaction of students' personal identifying information.  After reviewing

6  these statutes, the court at status raised the additional potential issue of providing the students and

7  their parents notice before disclosing to plaintiffs any sensitive information.  Defendants were not

8  prepared to opine on whether these statutes permit disclosure without redaction only after notice

9  has been effected.  The court suggested the parties consider a process, if lawful, whereby

10  unredacted data is viewed by a neutral party or by plaintiffs' lawyers only, before effecting

11  notice.  *See, e.g.*, *Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1055 (S.D. Cal. 1999) (use

12  of computer specialist appropriate to review hard drive for relevant data); The Sedona

13  Conference, *The Sedona Principles*, Comment 6.d. (2d ed. 2007) (responding parties to consider

14  retaining consultants and vendors to assist in preserving and producing ESI).

15          Because the defendants were not prepared to address the relevant law on notice as

16  it intersects with redaction, the court set a schedule for the parties to resolve the issue, as follows:

17      • No later than March 17, 2014, the parties will meet and confer and come to

18          agreement on whether and what form and method of notice is required;

19      • No later than April 8, 2014, if advance notice is required, defendants will provide

20          plaintiffs a proposed notice that will go to the affected parties; and

21      • No later than April 22, 2014, plaintiffs will provide their comments on any

22          proposed notice, after which the parties will meet and confer to resolve any

23          differences.

24  No later than May 1, 2014, the defense will initiate the process to allow plaintiffs' discovery of

25  the databases.  Until May 1, 2014 or unless otherwise directed by this court, discovery only as to

26  the five electronic databases mentioned in plaintiffs' protective order is STAYED.

27          All other discovery should PROCEED as usual, and any disputes as to this

28  discovery the parties cannot resolve after good-faith meet and confer should be set for hearing

2

1   before the assigned magistrate judge.  *See* Local Rule 251.  Until the undersigned approves a

2   protective order governing discovery, all discovery produced by the parties shall be used solely

3   for the purpose of litigating this case.

4   II.      Protective Order

5              Unless otherwise stated below, plaintiffs' proposed protective order is generally

6   acceptable.  Plaintiffs shall modify their proposed protective order for resubmission to the court

7   within twenty-one (21) days.  Before resubmission, plaintiffs shall provide their revised proposed

8   order to defendants and engage in a good faith meet and confer process to address any

9   disagreements.  If after exhausting meet and confer efforts defendants object to provisions in the

10  revised proposed order, defendants may notify the court of these objections in a filing not to

11  exceed two (2) pages, also due within twenty-one (21) days.

12             Plaintiff shall modify the proposed protective order as follows:

13  A.      Deletions

14        1.      Portions of § 5.1 (Exercise of Restraint/Care in Designating Material)

15             The words "swept unjustifiably" in the first paragraph are unnecessary and should

16  be deleted.  All but the last sentence of the second paragraph also is unnecessary and should be

17  deleted.

18        2.      Excerpt of § 7.3 (Judicial Intervention)

19             The following excerpt of Section 7.3 (Judicial Intervention) is superfluous because

20  it merely reiterates established federal procedural rules, which govern the protective order

21  regardless of their enumeration.  *See, e.g.*, FED. R. CIV. P. 37(a)(1) (meet-and-confer

22  requirement); *id.* 26(f) (21-day threshold for declarations); *id.* 26(b)(5) (proper challenges to

23  disclosure).

> *… Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements. . . . Unless the Designating Party has waived the Confidentiality designation by failing to file a timely motion to retain Confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.*

3

3. § 12.3 (Filing Protected Material)

The first sentence of this section should be deleted.

B. Additions

1. Substantive Issues

To clarify the parameters of discovery, plaintiffs shall include at the beginning of the order a section identifying the substantive issues in the case and clarifying their scope. The issues should also reflect the defenses the defendants are maintaining. If the substantive issues remain as set forth in the Joint Status Report submitted to the court on May 9, 2013, they can be imported from that document. (ECF 29.) The parties are encouraged to revisit this statement of issues on a regular schedule, to determine if it can be narrowed, or requires modification, based on information obtained during discovery.

2. ESI Protocol

Plaintiffs shall incorporate provisions of their proposed ESI Protocol into the revised Proposed Protective Order, with modifications to eliminate duplication and inconsistencies. (ECF 43.)

C. Clarifications

1. § 5.3 (Inadvertent Failures to Designate)

The term "timely corrected" should be defined to eliminate ambiguity. *See, e.g.*, *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 599 (N.D. Cal. 2009) (citing *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 184 (E.D. Cal. 1991) (time taken to rectify error as one of several factors in determining inadvertent waivers of privilege)).

2. § 6 (Disclosure with Prior Attorney Review)

This section should be revised as needed to conform to the parties' agreements reached through meet and confer efforts.

/////

/////

/////

4

3.    § 7.1 (Timing of Challenges)

The terms "prompt" and "promptly" should be defined to eliminate ambiguity.  *Id.*

IT IS SO ORDERED.

DATED: February 20, 2014.

_____
UNITED STATES DISTRICT JUDGE