UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, an unincorporated association, and CONCERNED PARENTS ASSOCIATION, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, and DOES 1 through 5,<br><br>Defendants. | CASE NO. 2:11−CV−03471−KJM−AC<br><br>PROTECTIVE ORDER<br><br>[COURT MODIFICATIONS IN STRIKEOUT/UNDERLINE FORMAT][1] |

GOOD CAUSE STATEMENT

This is an action by two associations of parents of schoolchildren with disabilities who seek to enjoin Defendant California Department of Education (CDE) from alleged violations of the rights of these children to receive a "free and appropriate public education" consistent with the mandates of the Individuals with Disabilities Education Improvement Act (IDEA).

---

[1] The court approves those portions of the proposed protective order that appear to reflect the parties' agreement, with minor modifications to reflect this court's practices.  The court directs the parties to conclude meaningful meet and confer discussions, person-to-person, to resolve their

(footnote continued on next page)

Consequently, while Parties reserve the right to object to and/or challenge whether certain information is confidential, proprietary, personal and/or private, the Parties believe that they, as well as Non-Parties, may be required to produce or disclose information that is confidential, proprietary, personal and/or private, particularly as it relates to individual schoolchildren. The Parties believe that if such information is disclosed in this action without restriction on its use or further disclosure, it may cause disadvantage, harm, or invade the privacy rights and any other applicable rights of the disclosing Party or Non-Parties.

Therefore, believing that good cause exists, the Parties hereby stipulate and agree that, subject to the Court's approval, the following procedures shall be followed in this action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of personal, private, confidential, and/or proprietary information.

**1.     PURPOSES AND LIMITATIONS**

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to protected treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rules of Practice for the United States District Court, Eastern District of California 140 and 141 set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

**2.1     Challenging Party:** a Party or Non-Party that challenges the designation of information or items as "Confidential" under this Order.

---

(footnote continued from previous page)
disagreements as to the sections originally identified as 7 and 15, and to submit a proposed amended protective order within fourteen (14) days.

**2.2** **Confidential Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as well as confidential, proprietary, personal and/or private information including, but not limited to, the identity of schoolchildren whose records, including Individualized Education Programs (IEPs), may be deemed relevant to the claims implicated in this action. Confidential Information shall be used by the Parties solely for the purposes of the litigation and not for any other purpose.

**2.3** **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4** **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.5** **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored electronically or in any other manner, or maintained (including, among other things, deposition testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery requests in this matter.

**2.6** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party, the Parties, or their respective counsel to serve as an expert witness or as a consultant in this action.

**2.7** **House Counsel:** attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.8** **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.9** **Outside Counsel of Record:** attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

/////

**2.10** **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

**2.11** **Privileged Information:** all items or information that are protected by the attorney-client privilege or the attorney-work product doctrine.

**2.12** **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.13** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving electronic and other data in any form or medium) and their employees and subcontractors.

**2.14 Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or "Privileged."

**2.15** **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**     **SUBSTANTIVE ISSUES**

**3.1**    **Plaintiffs:**

Plaintiffs filed their April 2012 First Amended Complaint (FAC) alleging that the CDE has been in systemic noncompliance with its statutory obligations under the Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. sections 1400 *et seq.,* and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Specifically, the FAC alleges that the CDE has failed in its frontline responsibility, as the state educational agency (SEA), to ensure the provision of a Free Appropriate Public Education (FAPE) to all children with special needs throughout the State of California.

The IDEA tasks the SEAs with three fundamental obligations in ensuring the provision of FAPE, the duty to: monitor the local education agencies (LEA), investigate complaints at every level, and enforce the provisions of the IDEA. The FAC alleges that the CDE has failed to fulfill any one of its three statutory obligations. In support of those allegations, Plaintiffs offer specific examples of the CDE's shortcomings, many of which are derived from the CDE's own data.

1     For example, the FAC alleges that the CDE does not have a system in place to ensure the
2 integrity and accuracy of the data on which a finding of noncompliance rests.  Thus, there is a
3 discrepancy between the data entered by the LEAs and the students' actual schedules, the former
4 showing substantially higher compliance levels with the IDEA than the raw data reflects.
5 Likewise, the FAC alleges that the CDE routinely accepts the LEAs' assurances that complaints
6 lodged by children and/or their parents are without substance without undertaking even
7 rudimentary investigations.  Moreover, the CDE skews any genuine effort to enforce the
8 provision of FAPE by, e.g., alerting the LEAs as to which student records will be inspected.

9     Plaintiffs will establish by persuasive evidence that the CDE's persistent failure to
10 monitor, investigate and enforce its statutory mandates has resulted in the systemic, statewide
11 denial of FAPE to California's schoolchildren with special needs. Plaintiffs do not offer the
12 narratives of the 17 children discussed in the FAC's Exhibit A as proof of the systematic denial of
13 FAPE; they are offered merely as examples.  Plaintiffs' proof will extend far beyond that narrow
14 sampling to statistically embrace the State of California as a whole.

15     Plaintiffs seek injunctive and declaratory relief to bring California's special education
16 delivery system into compliance with the IDEA and Section 504.  As a starting point, Plaintiffs
17 ask that the CDE be compelled to adopt and implement a statewide monitoring, investigative and
18 enforcement model that verifiably measures and ensures the provision of FAPE.  As an ending
19 point, Plaintiffs asks that the children's special needs are verifiably met.

20     **3.2**    **Defendant:**

21     The oversight of CDE's monitoring system falls under the exclusive auspices of the
22 United States Department of Education (USDOE).  Under the IDEA, USDOE has exclusive
23 responsibility for ensuring the SEA complies with its obligations.  The SEA must have its State
24 Performance Plan (SPP) approved by the USDOE.  The USDOE determines annually whether the
25 state has met the requirements of the IDEA.  USDOE has enforcement authority over the SEA,
26 including the authority to withhold funding.  Because USDOE approved the State of California's
27 SPPs and did not find any systemic noncompliance with IDEA, Plaintiffs' claims must fail.
28 Moreover, it would exceed Congressional intent and the Court's discretion to usurp the role of the

-5-

USDOE with Plaintiffs' opinion as to how CDE should meet its monitoring obligations under the IDEA.

CDE also contends that Plaintiffs misunderstand and misconstrue CDE's monitoring system, including its collection and analysis of data, as well as the multiple methods employed to monitor, develop, implement and verify corrective actions in those cases in which it identifies LEA noncompliance. CDE will establish that its data collection and monitoring systems not only meet, but actually exceed, federal requirements. In addition, CDE will show that Plaintiffs misunderstand the nature and purpose of the statistics upon which they rely to support their claims. In accordance with federal law and under the direction and with the approval of the USDOE, as part of its State Performance Plan, CDE develops measurable rigorous targets for the indicators established under priorities set by the USDOE. The statistics collected relative to the targets pertain only to the targets themselves, and are not a measurement of the provision of FAPE or other IDEA compliance. Plaintiffs also fail to understand the scope and magnitude of the continuing interactive process between the USDOE and all SEAs, including CDE, as to the content of their data collection and monitoring systems.

Moreover, CDE will demonstrate that Plaintiffs misunderstand and inaccurately describe the CDE's methods for monitoring LEAs, particularly with regard to self reviews and verification reviews. Plaintiffs appear to recognize that CDE thoroughly and accurately identifies instances of LEA noncompliance. Nevertheless, Plaintiffs are mistaken in their allegations as to how CDE develops and verifies corrective actions, particularly as it pertains to on-site file reviews for every area of noncompliance. Furthermore, CDE will establish that Plaintiffs misunderstand and inaccurately describe CDE's policies, practices and methods as applied to compliance investigations. Plaintiffs also inaccurately describe CDE's policies, procedures and practices for enforcing corrective actions in self reviews, verification reviews and compliance complaints.

**4.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**5.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.     DESIGNATING PROTECTED MATERIAL**

**6.1     Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not within the ambit of this Order.

/////

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must notify all other Parties that it is withdrawing the mistaken designation within ten (10) days after the mistake comes to the attention of the Designating Party.

**6.2     Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., section 8, below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information produced in electronic form</u> (excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party ensure that the electronic documents or information contain designations of "CONFIDENTIAL" pursuant to subparagraph 2.2 so that if any electronic information is printed, the designation will appear on the printed copy.

(b) <u>for information produced in hard-copy form</u> (excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(d) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**6.3     Inadvertent Failures to Designate.** If timely corrected, that is, within ten (10) days of discovery, but in no event later than one (1) year after the Parties' initial designations, an

-8-

inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If the designation is timely corrected, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**7.1 Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation. <u>Where a prompt challenge is necessary, as defined immediately above, the Party or Non-Party must challenge a designation of Confidentiality within two (2) months of the designation. Where a prompt challenge is not necessary, the</u> ~~a~~ Party <u>or Non-Party</u> does not waive its right to challenge a Confidentiality designation by electing not to mount a challenge <u>within two (2) months</u> ~~promptly~~ after the original designation is disclosed.

**7.2 Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to Confidentiality is being made in accordance with this Paragraph 8.2 of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (telephonically or face to face) within 10 calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the Confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the challenge process after it has engaged in a meet and confer process, or if it establishes that the Designating Party is unwilling to participate in a timely meet and confer process.

/////

**7.3**   **Judicial Intervention.** If the Parties are unable to resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain Confidentiality under LR 141.1 within 21 days of the initial notice of challenge or within 14 days of the Parties agreement that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time, <u>following meet and confer,</u> if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

**8.**   **ACCESS TO, AND USE OF, PROTECTED MATERIAL**

**8.1**   **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**8.2**   **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); **with the exception** articulated at Paragraph 8.2(c), immediately below;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation provided that each such expert shall execute a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (which shall be retained by counsel for the Party disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses an expert employed by an opposing Party, the Party shall notify the Party disclosing the Confidential Information before disclosing it to that individual and shall give the Disclosing Party an opportunity to move for a more specific protective order preventing or limiting such disclosure;

    (d) the court and its personnel;

    (e) mediator(s) and their personnel;

    (f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

/////

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, through inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated

Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.     MISCELLANOUS**

**12.1    Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future, including the right to seek a modified protective order that contains an "attorneys' eyes only" provision.

**12.2    Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3    Filing Protected Material.** ~~Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Materials. A Party that seeks to file under seal any Protected Material must comply with LR 140 and 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to LR 140 and 141 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.~~

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court.  If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge.  All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation  shall not govern the filing of sealed or redacted documents on the public docket.  The

-13-

court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

**13.  FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

**IT IS SO ORDERED**.

DATED:  April 2, 2014.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Concerned Parents Association, et al. v. California Department of Education,* Case No. 2:11−CV−03471−KJM−AC, agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:

SAGY LAW ASSOCIATES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28