UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, an unincorporated association, and CONCERNED PARENTS ASSOCIATION, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION and DOES 1 through 5,<br><br>Defendants. | No. 2:11-cv-03471-KJM-AC<br><br>ORDER |

On October 2, 2014, plaintiffs Morgan Hill Concerned Parents Association and Concerned Parents Associations (collectively, plaintiffs) filed a motion to compel production of certain documents. (ECF No. 64.) The filing made clear the parties had not complied with this court's order of February 20, 2014 (ECF 47), and that the motion was not properly styled a motion to compel. Therefore, this court held a hearing on December 8, 2014, to review again with the parties the status of electronic discovery. Rony Sagy and Barbara Gately appeared on behalf of plaintiffs, and R. Matthew Wise, Brenda Ray, and Paul Lacy appeared on behalf of defendants. (ECF No. 84.)

/////

1

1         Following discussion with the parties and good cause appearing, the court directed
2 the parties to engage in meaningful meet and confer and file a joint report with the court by
3 January 7, 2015, identifying procedures to ensure that discovery proceeds as efficiently and
4 promptly as possible.  In the joint report, the parties should explain how and to what extent they
5 will provide for their respective experts to communicate with each other directly and to actively
6 participate in the process of seeking and producing discoverable information.  The parties also
7 should explain whether they are jointly retaining a neutral expert, subject to the discovery
8 protective order in place, to assist in resolving disputes in advance of the filing of motions with
9 the court.  If the parties are unable to reach agreement on discovery procedures and practices,
10 they should explain their respective positions in the joint report.  Upon review of the report, if the
11 parties are unable to reach an agreement that will allow the case to move forward, the court
12 reserves the right to appoint a special master and impose its own discovery plan.

13         At the hearing, the court also reviewed the following issues raised by plaintiffs'
14 motion:  redaction of students' private information; production of documents in native format;
15 production of e-mails and correspondence; and production of a matrix.  (ECF No. 64 at 2–6.)

16         Regarding redaction of students' private information, the court hereby confirms
17 the parties' agreement reached at hearing regarding production of data in a manner to allow
18 plaintiffs to track students, to the maximum extent feasible, wherever they are identified
19 throughout defendant's electronic databases.  Specifically, defendant agrees to assign
20 pseudonyms to students and school districts and prepare the data for production without
21 application of the "Rule of 10" and without removing any information.  If plaintiffs identify any
22 discrepancies, plaintiffs will seek clarification from defendant, while recognizing that not every
23 entry in defendant's database is associated with a student identification number and that
24 defendant may be unable to resolve discrepancies.

25         Regarding production of documents in native format, the court confirms the
26 parties' agreement that defendant will produce any and all data and information in the format in
27 which they originally exist in defendant's databases and defendant's electronic storage systems.
28 /////

1    Regarding production of e-mails and correspondence, the court confirms the
2 parties' agreement to proceed with discovery by way of plaintiffs' providing defendant with
3 sample lists of search terms for use in retrieving information; based on the results of initial
4 sampling, plaintiff will then provide defendant with a complete list of search terms for use in
5 information retrieval.  Defendant also acknowledges its obligation to produce a privilege log;
6 defendant represented it will produce the required log by using its Concordance software
7 program.
8    Regarding the plaintiffs' request for production of a matrix, the parties represented
9 that this issue is resolved without the need for court intervention.
10    Also at hearing, defendant raised a concern about a set of data it has previously
11 produced; in light of the parties' current plans, the defense requests return of these data. The court
12 did not resolve this issue, but noted the data are covered by the protective order in place.
13    As noted at hearing, in light of the above, the court vacates all dates previously set,
14 governing discovery and otherwise.  The court will set a new schedule after it evaluates the
15 parties' joint report due in January 2015.
16    Plaintiffs' motion to compel production of documents (ECF 64) is denied without
17 prejudice.  Plaintiffs' motion to continue the discovery cut-off date (ECF 77) is DENIED as moot.
18    IT IS SO ORDERED.
19 DATED: December 16, 2014.

_____
UNITED STATES DISTRICT JUDGE