UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, an unincorporated association, and CONCERNED PARENTS ASSOCIATION, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, and DOES 1 through 5,<br><br>Defendants. | No. 2:11-cv-03471-KJM-AC<br><br><br>ORDER |

On April 30, 2015, this court held a status conference, at which Rony Sagy and Barbara Gately appeared for plaintiffs and Brenda Ray and R. Matthew Wise appeared for defendants. At the status conference, the court and counsel discussed production of electronically stored information and limited appointment of a special discovery master, among other things.

I.   <u>Candidates for Special Master</u>

The parties agree Mr. Winston Krone of Kivu Consulting is the most qualified candidate to serve as a special master. The parties represent they have contacted Mr. Krone, and he has expressed willingness and availability to serve as a special master in this case. Since the status conference, plaintiffs' counsel has reiterated the parties believe Mr. Krone "is a strong

1

candidate to undertake the responsibilities contemplated by the Court . . . ." (ECF No. 102.) The parties do not object to the court contacting Mr. Krone on its own to confirm as much.

II.     Special Master's Compensation

The parties and the court also discussed the question of who will be responsible for the special master's compensation. The court directed the parties to file simultaneous briefs on that question by **June 5, 2015,** and hereby confirms that deadline.

III.    Notice under the Family Educational Rights and Privacy Act of 1974 (FERPA)

Defendants reaffirmed their position that personally identifiable information about students with special needs cannot be released without providing individual notice to those students and obtaining their written consent, the cost of which plaintiffs must bear. Plaintiffs confirmed their disagreement with that position, arguing for an exception when a court orders disclosure subject to conditions. The court hereby confirms that the parties may file focused simultaneous briefs, each no longer than ten pages, on the question of notice and consent by **May 22, 2015.**

To facilitate the parties' focused briefing, the court provides its tentative reading of the relevant law below.

Congress enacted FERPA to protect the privacy of students and their parents. *See* 20 U.S.C. § 1232g; *United States v. Miami Univ.*, 294 F.3d 797, 806 (6th Cir. 2002); *Cherry v. Clark Cnty. Sch. Dist.*, No. 11-01783, 2012 WL 4361101, at *5 (D. Nev. Sept. 21, 2012); *Rios v. Read*, 73 F.R.D. 589, 597–99 (E.D.N.Y. 1977); *Mattie T. v. Johnston*, 74 F.R.D. 498, 501 (N.D. Miss. 1976). FERPA conditions the receipt of federal funding by educational institutions or agencies on their compliance with certain procedures concerning the keeping of educational records. *See* 20 U.S.C. § 1232g; *Miami Univ.*, 294 F.3d at 806. These procedures are designed, among other things, to restrict access to students' educational records by third parties without parents' consent. 20 U.S.C. § 1232g(b)(2). If, however, the students in question are eighteen years of age or older, the consent required under FERPA is required of the students, rather than the parents. *Id.* § 1232g(d).

/////

2

The consent requirement is subject to several exceptions. The most relevant exception to this action allows for disclosure without consent if disclosure is to comply with a judicial order or subpoena and the educational institution has made a reasonable effort at notification. 34 C.F.R. § 99.31(a)(9). Reasonable efforts to notify must be made in advance of compliance, "so that the parent or eligible student may seek protective action . . . ." *Id.* § 99.31(a)(9)(ii). Confidential information may be disclosed if the notification requirements are met and there is a protective order in place restricting disclosure. *See*, *e.g.*, *Morton v. Bossier Parish Sch. Bd.*, No. 12-1218, 2014 WL 1814213, at *4 (W.D. La. May 6, 2014); *C.T. v. Liberal Sch. Dist*, No. 06-2093, 2008 WL 394217, at *4 (D. Kan. Feb. 11, 2008); *see also Rios*, 73 F.R.D. at 602 (noting "the need for a protective procedure when disclosure to a private party is directed by court order, it would seem sensible to require in the disclosure order that the recipients of the student records avoid revealing the data to individuals unconnected with the litigation and destroy the data when it is no longer needed. But it is neither required nor necessary that the defendants redact the names of the students from the records and substitute neutral identifying information").

The appropriate type of notice depends on the circumstances of each case. *Rios*, 73 F.R.D. at 600. For instance, "where exceptionally large numbers of students are involved, it may be enough for a school or school district to publish notice in a newspaper." *Id.* In *Rios*, where the case "involve[ed] several hundred students," the court found "appropriate notice could be effected either by publication or by mail." *Id.* Here, the court understands that a very large number of student records are affected by plaintiffs' discovery requests. (*See* ECF No. 67.) Notice by publication appears to be the only practical method of complying with the statute and regulations, while allowing the case to move forward on a reasonable timetable.

The court tentatively finds that the educational records at issue here may be disclosed without running afoul of FERPA as long as parents or students are notified of the disclosure by publication and a protective order restricts the use of the information to this litigation only. *See Liberal Sch. Dist*, 2008 WL 394217, at *4; *see also Moeck v. Pleasant Valley Sch. Dist.*, No. 13-1305, 2014 WL 4988274, at *2 (M.D. Pa. Oct. 7, 2014); *Doe v. Ohio*, No. 91-0464, 2013 WL 2145594, at *9 (S.D. Ohio May 15, 2013); *Blunt v. Lower Merion Sch. Dist.*, No.

07-3100, 2009 WL 1259100, at *2 (E.D. Pa. May 7, 2009).  Here, there is a protective order in place governing the disclosure of confidential information.  (ECF No. 60.)  That order appears adequate to ensure the information disclosed is not disseminated to others.  (*Id.* at 4 (ordering confidential information to be used solely for the purposes of this lawsuit).).

IV.     Future Status Conference

The court sets a further status conference on **June 25, 2015 at 2:30 p.m.**  At that time, the court will consider the role and duties of the special master, and confirm whether Mr. Krone will be appointed.  The parties are directed to file a joint status report seven days before the status conference providing their joint proposal(s) defining the special master's role.

IT IS SO ORDERED.

DATED:  May 14, 2015.

_____
UNITED STATES DISTRICT JUDGE