UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, an unincorporated association, and CONCERNED PARENTS ASSOCIATION, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION and DOES 1 through 5,<br><br>Defendant. | No. 2:11-cv-3471-KJM-AC<br><br>ORDER |

On October 16, 2015, the court held a status conference in this case to discuss the proposed e-discovery protocol prepared by Special Master Winston Krone. Minutes, ECF No. 123. Rony Sagy and Barbara Gately appeared for the plaintiff, Morgan Hill Concerned Parents Association. R. Matthew Wise and Ismael Castro appeared for the defendant, the California Department of Education (CDE). The Special Master also appeared by telephone. Following the hearing the Special Master submitted to the court a final form of protocol, substantially identical to his original proposal.

1

1	The court has considered the proposed protocol, the parties' letter notices
2 addressing that protocol, and the parties' arguments at hearing. The protocol is APPROVED in
3 the form attached to this order. The parties are ORDERED to begin undertaking the following
4 tasks immediately.

5	I.	FURTHER MEET-AND-CONFER WITH THE SPECIAL MASTER

6	Within thirty days, the CDE and its relevant technical staff shall meet and confer
7 with the Special Master to confirm whether the CDE has backups of the CASEMIS database. *See*
8 Proposed E-Disc. Protocol (Protocol) at 2, appended to this order. The Special Master shall
9 report to the court on the outcome of these efforts and propose any additional orders he deems
10 necessary within forty-five days.

11	Within thirty days, the CDE and its relevant technical staff shall meet and confer
12 with the Special Master on the production of email files, file servers, and network shares of
13 custodians marked "priority" by plaintiffs on September 14, 2015. *See* Protocol at 8. The CDE
14 and Special Master shall determine whether this priority email and data can reasonably be
15 identified and searched by custodian without loading the entire collected dataset into Relativity,
16 the CDE's e-discovery review platform. *See id.* The CDE and Special Master shall also
17 determine whether the production and loading of all email files, file servers, and network shares
18 may be accelerated, including, if necessary, by a means of production other than Relativity. The
19 Special Master shall report to the court on the outcome of these efforts and propose any additional
20 orders he deems necessary within forty-five days.

21	Within thirty days, the CDE and its relevant technical staff shall meet and confer
22 with the Special Master regarding the use of deduplication procedures to avoid duplicative review
23 for attorney-client privilege. *See* Protocol at 10. The Special Master shall report to the court on
24 the outcome of these efforts and propose any additional orders he deems necessary within forty-
25 five days.

26	II.	DATA SECURITY

27	The court approves of the security process outlined in pages 13 to 14 of the
28 proposed e-discovery protocol. The plaintiff shall immediately begin that process. Until the

1  Special Master determines the plaintiff has established a secure hosting environment and the court
2  receives and approves his certification to that effect, the CDE will not be required to produce
3  student data subject to protection under the Family Educational Rights and Privacy Act (FERPA).

III.     502(d) ORDER

Within thirty days, the parties shall meet and confer and propose an order to clarify the application of Federal Rule of Evidence 502(d) for review and approval by the assigned Magistrate Judge.

IV.     FERPA NOTIFICATION

The parties shall meet and confer to develop and propose the details of a notification procedure for data subject to protection under FERPA, consistent with this court's prior orders.  Within forty-five days, the parties shall file a proposed order detailing the schedule, form of notice and objection, method(s) of publication, and allocation of associated costs.  The assigned Magistrate Judge shall review and may approve the proposed order.

The court notes the parties' disagreement with respect to whether the form of notice should require each objection to be accompanied by a statement of reasons.  The applicable regulation provides no guidance.  *See* 34 C.F.R. § 99.31(a)(9).  Persuasive authority from other federal and state courts is inconclusive.  Some recent FERPA notices make a statement of reasons expressly optional, others require a statement of reasons, and others are ambiguous.  *See, e.g.*, *Disability Rights N.J. v. N.J. Dep't of Educ.*, No. 07-2978 (D.N.J. filed June 27, 2007), ECF No. 60 (expressly optional); *Martinez v. New Mexico* and *Yazzie v. New Mexico*, No. D-101-201400793 (First J. Dist. Santa Fe. Cnty. filed Apr. 1, 2014) (requiring reasons);[1] *Doe v. Ohio*, No. 91-464 (S.D. Ohio filed June 10, 1991), ECF Nos. 274–76 ("Write a letter to the Judge telling him what you object to.").

---

[1] A notice in this case is currently available at
http://www.aps4kids.org/news.cfm?story=106630&school=346
    or
http://www.aps.edu/students-parents/documents/FamilyEducationalRightsandPrivacyAct.pdf.

3

The court is mindful of FERPA's purpose: the protection of students' and parents' privacy.  *See, e.g.*, *United States v. Miami Univ.*, 294 F.3d 797, 806 (6th Cir. 2002).  Moreover, those who seek disclosure of student records bear "a significantly heavier burden . . . to justify discovery than exists with respect to discovery of other kinds of information, such as business records."  *Maxey v. Sioux City Cmty. Sch. Dist.*, No. 08-4007, 2009 WL 35171, at *2 (N.D. Iowa Jan. 6, 2009) (quoting *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 282 (E.D.N.Y. 2008)) (alteration in original).  These considerations weigh against a mandatory statement of reasons.

The court therefore tentatively concludes that a statement of reasons should be optional.  The court nevertheless grants the parties leave to file statements of authority with respect to whether FERPA notice should include a requirement that objections be accompanied by a mandatory or optional statement of reasons.  These statements may be filed within seven days with the Magistrate Judge, who is authorized to determine the question in the first instance.

V.      CONCLUSION

(1) The Special Master's Proposed E-Discovery Protocol, attached hereto and incorporated herein, is APPROVED.

(2) Within thirty days, the CDE shall meet and confer with the Special Master as specified above.  The Special Master will report to the court as specified in this order within forty-five days.

(3) As specified above, private student data will not be disclosed pending certification of plaintiff's secure environment by the Special Master and further order of this court.

(4) Within thirty days, the parties shall meet and confer and propose an order as provided by Federal Rule of Evidence 502(d) for review and approval by the assigned Magistrate Judge.

(5) Within forty-five days, the parties shall file a proposed order detailing the schedule, form of notice and objection, method(s) of publication, and allocation of associated costs.  The assigned Magistrate Judge shall review and may approve the proposed order.

1      (6) Within seven days, if any party wishes to contest the court's conclusion that a statement of reasons should be optional in the FERPA notice, that party may file a statement of authority with brief argument with the Magistrate Judge.  Any opposing statement of authority shall be filed seven days thereafter, after which date the Magistrate Judge may resolve the question.

IT IS SO ORDERED.

DATED:  November 3, 2015.

_____
UNITED STATES DISTRICT JUDGE