UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | No.  2:11-cv-3471 KJM AC <br><br><br> ORDER |

On November 3, 2015, the parties were ordered to propose an order under Fed. R. Civ. P. 502(d) for review and approval by the undersigned.  See ECF No. 127.  The parties failed to arrive at a joint proposed order.  The undersigned having considered the parties' separate proposed orders (ECF Nos. 135, 136), IT IS HEREBY ORDERED that:

(a)  No Waiver by Disclosure.

This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be protected by the attorney-client privilege or work product protected material ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture – in this or any other action – of any claim of privilege or work product protection that the

1

1  Disclosing Party would otherwise be entitled to assert with respect to the Protected Information
2  and its subject matter.  This Order applies to all discovery, including Electronically Stored
3  Information ("ESI").
4       If a Disclosing Party discloses Protected Information but fails to comply with the
5  procedures set forth in this Order, it waives the privilege or protection otherwise available for that
6  information, and Fed. R. Civ. P. 502(d) will not apply to that information.
7       (b)  Notification Requirements.
8          (1)  Disclosing Party Notification.  Upon discovering the disclosure of Protected
9  Information, the Disclosing Party must promptly notify the party receiving the Protected
10 Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information
11 without intending a waiver by the disclosure.  The notice shall be accompanied, or followed
12 within 10 days, by a Privilege Log of the privileged or protected materials; and the Privilege Log
13 shall comply with Fed. R. Civ. P. 26(b)(5)(A)(ii).  Upon receiving such notification, the
14 Receiving Party must promptly return, sequester, or destroy the identified documents and any
15 copies it has, as provided by Fed. R. Civ. P. 26(b)(5)(B), and promptly notify the Disclosing Party
16 that it has done so.  The Receiving Party shall not use the documents until the status of the
17 documents has been resolved.
18         (2)  Receiving Party Notification.  If a Receiving Party discovers potentially
19 Protected Information that the Disclosing Party has produced, the Receiving Party must promptly
20 notify the Disclosing Party of the discovery.  Such notification shall not waive the Receiving
21 Party's ability to subsequently challenge any assertion of privilege with respect to the identified
22 document.  Upon receiving the notice from the Receiving Party, the Disclosing Party has ten (10)
23 business days to commence the "Disclosing Party Notification" process, above.
24      (c)  Contesting Claims of Privilege or Work Product Protection.
25      If the Receiving Party contests the Disclosing Party's claim of attorney-client privilege or
26 work product protection as to any document itemized in the Disclosing Party's privilege log, the
27 Receiving Party shall – after having sequestered, destroyed or returned the documents as provided
28 for above – provide notice to the Disclosing Party of its challenge to the protected status of the

document within ten (10) business days of receiving the Privilege Log.  The Disclosing Party must, within ten (10) business days of receiving the Receiving Party's challenge to the claim of the protected status of a document contained in the Privilege Log, move the Court for a Protective Order excusing it from producing the challenged document, or compelling the Receiving Party to destroy or return it ("Motion for Protective Order").  Any such motion shall be made in accordance with the provisions of E.D. Cal. R. 251, except as modified herein.

    Any such motion must be filed under seal.  The opposition to the Motion for Protective Order may not rely on the fact or circumstance of the disclosure.  Unless otherwise ordered by this Court, pending resolution of such Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Motion.

    (d) Stipulated Time Periods. The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

    (e) Rule 502(b)(2).  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

    (f) Burden of Proving Privilege or Work Product Protection.  The Disclosing Party retains the burden upon challenge pursuant to paragraph (c) of establishing the privileged or protected nature of the Protected Information.

    IT IS SO ORDERED.

DATED: December 17, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE