UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | No. 2:11-cv-3471 KJM AC<br><br><br><br>ORDER |

Plaintiffs move to compel defendant California Department of Education ("CDE") to produce further responses to plaintiffs' first two sets of document requests. ECF No. 129. The parties filed their Joint Statement on January 6, 2016. ECF No. 144. The matter came on for hearing on January 13, 2016, all parties being represented by counsel. For the reasons set forth below, the court will grant the motion in part and deny it in part.

I. BACKGROUND

A. The Lawsuit

Plaintiffs – associations of parents of children with disabilities – allege that defendant is violating the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400, et seq., through its systemic failure to provide a "free appropriate public education" ("FAPE") to children with disabilities (Claim 1). As pertinent to this motion, the First Amended Complaint

1

(ECF No. 6) ("Complaint") basically alleges that:

- Defendant fails to monitor the provision of FAPE at the local level (Claim 2);
- Defendant fails to investigate complaints alleging a lack of compliance with IDEA (Claim 3); and
- Defendant fails to enforce the provision of FAPE even for "known, chronic non-compliance" (Claim 4).

The Complaint alleges that these failures also constitute violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as well as the California Education Code §§ 56,000, et seq.

Plaintiffs filed the lawsuit on December 29, 2011. ECF No. 1. On March 29, 2013, Judge Mueller denied defendant's motion to dismiss the amended complaint, or for a more definite statement. ECF No. 25.

B. Discovery History

On May 5, 2014, Judge Mueller signed a Stipulated Protective Order. ECF No. 60. On October 1, 2014, plaintiffs noticed their motion to compel defendant to produce under plaintiffs' first two sets of document requests. ECF No. 64. The motion was denied without prejudice to its renewal in proper form. ECF No. 85. However, the parties were instructed as follows:

- Defendant will produce redacted student data "in a manner to allow plaintiffs to track students . . . wherever they are identified throughout defendant's electronic databases." Defendant will use pseudonyms to achieve this.
- Defendant will produce documents in the format they are originally stored in defendant's databases.
- Plaintiffs will provide defendant with "sample lists of search terms for use in retrieving information," and later (after sampling the results), with a "complete list of search terms."

On January 26, 2015, the parties were ordered to come up with a joint statement regarding discovery, and a stay was imposed on discovery motions. ECF No. 91. The parties filed their (second) Joint Statement re: Discovery on March 12, 2015. ECF No. 93.

On July 2, 2015, Judge Mueller appointed Winston Krone "as a special master in this case with the limited role of assisting the parties in developing an electronic discovery protocol." ECF

No. 116. On October 15, 2015, the stay on discovery motions was lifted. ECF No. 116. On November 3, 2015, Judge Mueller issued an Order approving the Special Master's Proposed E-Discovery Protocol. ECF No. 127.

## II. THE MOTION TO COMPEL

On November 18, 2015, plaintiffs filed the pending motion to compel. ECF No. 129 (notice), 144 (Joint Statement).

### A. Overview of Documents Requested and Objections

Plaintiffs' first set of discovery requests consists of 48 requests for documents. See ECF No. 144-2 at 21-52 (requests & responses). In response to plaintiffs' first set of discovery requests, defendant objected to each and every one of document Requests 1-39 and 41-47 on various grounds, and stated that "no documents will be produced until such time as the parties can meet and confer to narrow the scope of this request." Defendant objected to Request 48 on various grounds, and stated that "no documents will be produced."[1]

Plaintiffs' second set of discovery requests consists of 15 requests for documents, including electronic databases. See ECF No. 144-3 at 4-17 (requests and responses). The requests ask for the following databases:

- CASEMIS ("California Special Education Management Information System")
- SESR ("Special Education Self Reviews")
- VR ("Verification Reviews")
- COMPLAINTS ("complaints filed with the Special Education Division's Procedural Safeguards Referral Services and/or Due Process Hearings")
- California Administrative Hearings Database
- CALPADS ("California Longitudinal Pupil Achievement Data System")
- STAR ("Standardized Testing and Reporting")
    - CST ("California Standards Tests")
    - CMA ("California Modified Assessment")

---

[1] Defendant objected to Request 40, but apparently produced the requested documents anyway.

3

- CAPA ("California Alternate Performance Assessment")
- Standards-based Tests in Spanish

- SEEDS ("Supporting Early Education Delivery Systems")

In response, defendant objected to each and every document request, on various grounds. Defendant asserted that it had already produced documents responsive to most of the requests, and that "[n]o additional documents will be produced until such time as the parties can meet and confer to narrow the scope" of the requests.[2]

B. Contentions of the Parties

In response to every one of plaintiffs' document requests, defendant set forth a slew of objections in boilerplate fashion. In the Joint Statement, however, defendant limited its discussion to arguments that the document request was vague, overbroad, burdensome, and not proportional to the needs of the case. The Joint Statement contained no discussion of any of the privileges or other protections defendant claimed in its objections.

Plaintiffs argue that their Complaint contains "expansive allegations of systemic noncompliance" with the IDEA, and that their discovery therefore includes discovery regarding every schoolchild who is disabled, or whom the state has determined is not disabled. They argue that this is needed so that they can prove their allegations that the state is not properly classifying or educating these children. Since the complaint alleges state-wide non-compliance, they argue, their discovery cannot be limited "as to specific school districts, disabilities or students." Plaintiffs argue that their requests are proportional because what is at stake here is the alleged state-wide failure of defendant to educate the state's children with disabilities.

C. Standards

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad, although not unlimited. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

---

[2] However, at oral argument, it emerged that defendants had not produced any documents in response to plaintiffs' Second Set of requests. The documents that defendant had already produced were part of its initial disclosures.

4

1  stake in the action . . . and whether the burden or expense of the proposed discovery outweighs its

2  likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).  "Information within this scope of discovery

3  need not be admissible in evidence to be discoverable." Id.  "Evidence is relevant if: (a) it has

4  any tendency to make a fact more or less probable than it would be without the evidence; and (b)

5  the fact is of consequence in determining the action." Fed. R. Evid. 401.

6       Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with

7  document requests within the scope of Rule 26(b).  In responding to a document request, "the

8  response must either state that inspection and related activities will be permitted as requested or

9  state with specificity the grounds for objecting to the request, including the reasons."

10  Rule 34(b)(2)(B).

11       If a responding party is withholding responsive documents, its objection to the request for

12  those documents must state that responsive documents are being withheld.  Rule 34(b)(2)(C).  If

13  the responding party withholds otherwise discoverable documents under a claim of privilege, it

14  must provide the requesting party with a privilege log.  Rule 26(b)(5)(A)(ii).  If a party objects to

15  part of a document request, the objection "must specify the part and permit inspection of the rest."

16  Id.

17       Under Rule 37(a), a party may move for an order compelling disclosure or discovery if "a

18  party fails to produce documents . . . as requested under Rule 34 ."  Rule 37(a)(3)(B)(iv).

19       "The party seeking to compel discovery has the burden of establishing that its request

20  satisfies the relevancy requirements of Rule 26(b)(1).  The party opposing discovery then has the

21  burden of showing that the discovery should be prohibited, and the burden of clarifying,

22  explaining or supporting its objections." See Bryant v. Ochoa, 2009 WL 1390794 at * 1, 2009

23  U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. 2009).  The party opposing discovery is "required to

24  carry a heavy burden of showing" why discovery should be denied.  Blankenship v. Hearst Corp.,

25  519 F.2d 418, 429 (9th Cir.1975).

26  ////

27  ////

28  ////

5

D. Resolution

    1. General rulings

        a. Obligation to produce relevant, non-privileged documents

As noted, defendant objected to every single one of plaintiffs' document requests. At the hearing on this motion, however, it became clear that even when defendant objected only to a portion of the request, it failed to produce the documents as to which it had no objection. For example, Second Set, Request 8 asks for the "Critical Elements Analysis Guide (CrEAG)," and documents describing or related to it. At the hearing, when asked about this request, defendant offered no objection to the CrEAG itself – which apparently comprises only two documents – but only to the request for documents "related" to the CrEAG, and to what it (incorrectly) interpreted to be a request to create a list of persons familiar with the documents.

It is improper to withhold production of a document to which a party has no valid objections, solely on the grounds that the request is too broad, or asks for information the requester is not entitled to. Instead, the requested party must produce the un-objectionable documents, even if it asserts objections or privileges to other documents encompassed within the same request. See Fed. R. Civ. P. 34(b)(2)(C) ("[a]n objection to part of a request must specify the part and permit inspection of the rest").

        b. State-wide discovery

Defendant's principal objection, as to both sets of requests for documents, is that discovery must be proportional to the needs of the case in light of the burden and expense of the proposed discovery. Defendant points out that plaintiffs are the parents of only 17 children in only seven school districts. Yet, it argues, plaintiffs will not narrow the "scope" of their requests to those children and school districts, and instead are improperly insisting on getting documents "related to 1,022 school districts and over six million children in the State of California over a period of eight years and continuing until this litigation ends."

While defendant cites the proportionality directive of the Federal Rules, it does not explain why the state-wide discovery it objects to is not proportional to the needs of this case. Instead, it simply points out that the discovery is state-wide.

6

1      The district judge presiding over this case has already ruled that this case can proceed on
2 the grounds of alleged state-wide, systemic violations. ECF No. 25 at 9 ("the court finds
3 plaintiffs have a private right of action to challenge CDE's alleged *systemic* noncompliance with
4 its IDEA obligations") (emphasis added). Part of the court's rationale for finding that exhaustion
5 of administrative remedies was not required is that "plaintiffs are alleging defendant's systemic
6 state policies are violating the IDEA by denying California students FAPE, which is a violation
7 severe enough to threaten the basic purpose of the IDEA." Id. at 14. In addition, in denying
8 defendant's motion to dismiss, the court declined even to address defendant's statute of
9 limitations argument "because plaintiffs do not seek individual remedies." Id. at 7 n.2. In
10 discussing standing, the court reiterated that "the suit does not pertain to violations of any
11 particular children's rights . . .." Id. at 12. Accordingly, this case is not limited to the harm
12 suffered by the 17 school children, or the 7 school districts that the plaintiffs are directly involved
13 with.

14      Defendant has made clear that in its view, it has the right to continue to challenge
15 plaintiffs' ability to bring a systemic challenge. See ECF No. 144 at 13 ("Whether Plaintiffs have
16 a private right of action or standing can be challenged at any time, including at the motion for
17 summary judgment and trial stages"). It may well be entitled to do so, but it is inappropriate to do
18 so by filing motions to limit discovery in a way that contravenes the district judge's decision.

19      Defendant is therefore advised that, in the absence of contrary instructions from the
20 district judge, the undersigned will not entertain "discovery" motions that are, in effect,
21 challenges to the district judge's determination that this case may proceed as a systemic challenge
22 to defendant's state-wide compliance with the IDEA.

23      Defendant's objections will therefore be overruled, to the degree they are based upon the
24 state-wide nature of the discovery.

25                    c. Limitation to children with disabilities

26      Defendant objects to discovery that is not limited to children with disabilities. The
27 problem with this proposed limitation, as plaintiffs point out, is that an element of plaintiffs' case
28 is defendant's alleged "failure to locate, identify and refer children with disabilities . . .."

Complaint at 2. Allowing plaintiffs access to information only about the subset of children whom defendant has already identified as living with a disability, would deprive plaintiffs of the ability to challenge the non-disability determination made about other children.

Defendant's objections on these grounds will therefore be overruled.

### d. Privilege

Nearly all of defendant's objections assert that the requested documents "are protected from disclosure by the attorney-client, official information, and deliberative process privileges, the right to privacy, and the attorney work-product doctrine."[3] Each of defendant's objections also claim protection under: "the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 C.F.R. § 99 et seq.; Cal. Educ. Code § 49076(a)(3)), the Individuals with Disabilities Education Act (IDEA) (20 U.S.C. § 1417, subdivision (a)(8); 34 C.F.R. § 300.622)), and the California Information Practices Act (Cal. Civil Code § 1798 et seq.), and to the extent that it calls for the disclosure of information from the medical records of children in violation of the Health Insurance Portability and Accountability Act (HIPAA)."

In its statement of legal contentions however, defendant does not argue for the applicability of any of these grounds for non-disclosure. In addition, defendant has not provided a privilege log of the documents for which it claims privilege or other protection. At the hearing on this motion, the court specifically mentioned to defendant that it had not supported its boilerplate assertions of privilege and protections with any authorities. Defendant did not take the opportunity to provide any authorities, or to try to link specific privileges and protections to any specific documents or set of documents.

Accordingly, defendant's objections, to the degree they are based upon these privileges, protections and doctrines (other than the FERPA objections), will be overruled without prejudice to their renewal in proper form, accompanied by a privilege log complying with Fed. R. Civ. P. 26(b)(5)(A), and with proper legal and factual support.

---

[3] Defendant's objection to Request 48 of the first set asserts protection based only on the right to privacy. Defendant objects to Request 14 of the second set on vagueness and other grounds, but does not claim these types privacy or privilege protections.

The court notes that defendant's objections based upon FERPA are being addressed in a separate order. In addition, there is already a Protective Order in place (ECF No. 60), as well as an E-Discovery Protocol (ECF No. 127-1). It is the court's understanding that all document production will be conducted pursuant to these orders and, as applicable, the E-Discovery Protocol.

### e. Documents "relating to" various issues

Plaintiffs ask for documents "constituting, describing or relating to" various matters. In its objections, defendant makes the boilerplate objection that such a request is "vague, overly broad, unduly burdensome, and encompasses documents not relevant to the present litigation." At the hearing on this matter, defendant explained that its objection was that the request called for every document where the requested document is even mentioned, however peripherally.

Plaintiffs' request for documents "relating to" the actual documents they seek in discovery is simply too broad and vague to compel production. Particularly in this case, where a large number of documents and a large volume of electronically stored information ("ESI") is involved, it is inappropriate to ask simply for all documents "relating to" those documents. The court notes that the requests' use of the term "describing" should cover those documents which are not the principal document sought (a report, for example), but which discusses or describes the document in some detail. The goal here is to avoid a production of every single document that even contains a mention of the principal document sought.

Once plaintiffs have the actual documents they need in hand, they may be able to formulate a more specific request for related documents. However, the court will deny the current request for documents "related to" the principal documents sought.

### f. Definitions

Defendant argues that plaintiffs' definition of electronically stored information ("documents") as used in the document requests, is overbroad. However, its argument on this point consists of no more than reprinting the definition of "electronically stored information" contained in plaintiffs' document requests. See ECF No. 144 at 20. The alleged overbreadth of this definition is not apparent from the definition itself, and so without any argument to explain

1   why it is overbroad, this objection will be overruled.

2   Defendant argues that it should not be required "to prepare a detailed log" of the

3   electronically stored information. However, the court reads the instructions in this case only to

4   require defendant to provide enough information to enable plaintiffs to access the ESI produced.

5   Thus, the request does not call for a separate log of each byte of data. Rather, if a database is

6   produced, the request calls for information about the name, format and size of the database, and

7   what operating system will enable plaintiffs to access it. This will ensure that the ESI that is

8   produced is reasonably usable by plaintiffs.[4] The objection will be overruled.

9           2. <u>Specific rulings</u>

10                  a. <u>Requests for budget information – First Set, Requests 4, 5, 17, 19(d)</u>

11  Some of plaintiffs' requests ask for budget and cost information. <u>See</u> First Set,

12  Requests 4, 5, 17 (in part), 19(d). Defendant objects that plaintiffs "have not articulated a

13  reasonable basis for this discovery, and the relevancy of this discovery request is not apparent on

14  its face." ECF No. 144 at 28.

15  The relevance of the cost and budget information to plaintiff's lawsuit is not apparent on

16  the face of the discovery request. Moreover, plaintiff's legal contentions in support of its motion

17  are entirely silent on this specific request. Instead, plaintiff's contentions simply refer to the

18  reasons given for Request No. 1, none of which address the relevance of a request for budget and

19  cost information. At the hearing on this motion, plaintiffs were granted an opportunity to submit

20  a letter citing the portions of the Complaint where this issue of reduction of services as a cost-

21  cutting measure is raised.

22  Plaintiffs have submitted a letter, citing Complaint ¶¶ 26 and 58 & n.3, among other

23  allegations, which allege that the costs of educating children diagnosed with autism explains why

24  school districts resist evaluating children and that even if the child is evaluated, the school

---

[4] The court notes that the rule governing the production of electronically stored information assumes that the requesting party may "specify a form for producing" such information. Fed. R. Civ. P. 26(b)(2)(E)(ii). The Advisory Notes clarify that this provision is to ensure that the requesting party receives ESI in a form that is "reasonably usable." It is not clear that this provision specifically authorizes the request for a log, but plaintiffs' request for a log appears to be designed to ensure that the ESI plaintiffs receive is reasonably usable.

1  districts resist the autism diagnosis.  The request therefore seeks information that is relevant to
2  plaintiffs' complaint.  Namely, the requests seek information about the possible financial motive
3  for defendant's alleged resistance to enforcing local compliance with the IDEA.

4  Plaintiffs' motion to compel the production of cost or budgeting information, in
5  Requests 4, 5, 19(b) and the applicable portion of Request 17, will therefore be granted.

b. "Activities" and "actions" – First Set, Requests 3, 6, 11, 16(b), 22 & 24

7  Plaintiffs request documents constituting or describing certain "activities" or "actions"
8  that are "designed to" achieve specific goals, are "focused on" those goals, are "specifically
9  responding to" a specified LEA, constitute various types of reviews, or "promote" access.  See
10 Requests 3, 6, 11, 16(b), 22 & 24.  Defendants object that these requests are "shockingly vast."

11  These requests are so vague, specifically as to what is meant by "activities," that they
12  could cover every document referring to every single action ever undertaken in relation to the
13  education of children with disabilities.  The requests are therefore overbroad, and the motion to
14  compel Requests 3, 6, 11, 16(b) & 24, will be denied.

c. First Set, Request 42 – data comparisons

16  Plaintiffs seem to be requesting data comparisons carried out by CDE.  At the hearing on
17 this motion, defendant insisted it did not understand what was being sought there.  Since the
18 request is confusingly wordy, and plaintiffs can first clarify what it is they are looking for by the
19 use of interrogatories, the motion to compel Request 42 will be denied.

d. First Set, Request 43 – *Emma C. v. Delaine Eastin*

21  Plaintiffs request "the monitoring plan(s) adopted in *Emma C. v. Delaine Eastin*; N.D.
22 California Civil Case No. C-96-4179 TEH, and the results of the monitoring plan."  The
23 relevance of this request is not plain from the face of the request, and the referenced case is not
24 described in the Complaint or the request.  At the hearing on this motion, plaintiffs explained that
25 defendant's monitoring, at least as to one school district, was the result of the *Emma C.* case.
26 However, they do not provide a meaningful explanation for why plaintiffs are seeking what on its
27 face appears to be a public document, why it matters that defendant's monitoring is conducted
28 pursuant to a plan entered in another case, or why the documents sought are not included in all the

other document requests relating to the monitoring systems.[5] The motion to compel Request 43 will therefore be denied.

### e. Second Set, Request 11 – Documents relating to documents

Plaintiff requests all documents constituting or describing communications between various entities relating to any of the other documents sought in discovery. This apparently requests the production of every database, and every data point in the database, and is overbroad on its face. The motion will be denied as to this request.

### f. Second Set, Request 15 – ACSE reports

Plaintiff requests all reports from the Advisory Commission on Special Education ("ACSE"). As discussed during the hearing, this request is overbroad on its face, since there is no indication that every such report relates to IDEA compliance. Therefore, this request will be granted, but limited to those reports in defendant's possession or control that relate to IDEA compliance.

### g. Remaining objections

Defendant's objections to the document requests other than those specified above will be overruled. The relevance of the remaining document requests are apparent from the face of the requests, and defendant has not met its burden to show that production should not occur.

## III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion To Compel (ECF No. 129), is GRANTED, except as specified below. All production will be conducted pursuant to the Protective Order (ECF No. 60), and all e-discovery will be produced in accordance with the Protective Order and the E-Discovery Protocol (ECF No. 127-1). All production involving information covered by FERPA will be conducted in accordance with the order regarding FERPA notice, filed concurrently with this order.

////

---

[5] Moreover, if plaintiffs are trying to enforce the plan entered in *Emma C.*, they have not explained why it is appropriate to seek discovery for that case here.

2. Plaintiffs' Motion To Compel is GRANTED as to Second Set, Request 15, but limited to those ACSE reports in defendant's possession, custody or control that relate to IDEA compliance.

3. Plaintiffs' Motion To Compel is DENIED as to all requests for documents "relating to" other requested documents, as discussed above.

4. Plaintiffs' Motion To Compel is DENIED as to First Set, Requests 3, 6, 11, 16(b), 22, 24, 42 and 43, and as to Second Set, Request 11.

5. Defendant's general objection to state-wide discovery is OVERRULED.

6. Defendant's general objection to discovery not limited to children it has already determined are living with disabilities is OVERRULED.

7. Defendant's objection to discovery seeking budget and cost information is OVERRULED.

8. Defendant's boilerplate privilege and statutory objections are OVERRULED without prejudice to their renewal in proper form.

9. Defendant's boilerplate objections regarding vagueness and overbreadth are OVERRULED without prejudice to their renewal in proper form.

10. Defendant's objections to the definitions contained in the document requests are OVERRULED.

DATED: January 26, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE