UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, an unincorporated association, and CONCERNED PARENTS ASSOCIATION, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION and DOES 1 through 5,<br><br>Defendants. | No. 2:11-cv-03471-KJM-AC<br><br>ORDER |

On Monday, February 29, 2016, the court held a special status in this case to discuss the public posting of the FERPA notice and the public's response to that posting, as well as implications for ongoing litigation of the case and in particular the discovery phase of litigation. Rony Sagy appeared as counsel for plaintiffs Morgan Hill Concerned Parents Association and Concerned Parents Association; Julia Jackson, Michael Wise and Grant Lien appeared as counsel for defendant California Department of Education (CDE). Having conferred with the parties, the court hereby memorializes the substance of the special status and confirms its bench orders made during hearing.

1

I.     BRIEF HISTORY OF THE CASE

Plaintiffs filed this case on December 29, 2011, and filed a First Amended Complaint by April 23, 2012.  The case generally alleges defendant CDE has not ensured a free appropriate public education (FAPE) to students with disabilities, by failing to monitor, investigate and enforce obligations under the federal Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et. seq.*  After obtaining an extension to respond to the complaint, the CDE moved to dismiss for lack of subject matter jurisdiction and failure to state a claim.  In the alternative, the CDE requested a more definite statement of plaintiffs' claims.  Mot. to Dismiss, ECF No. 13.  After briefing and oral argument, the court denied the motion to dismiss.  ECF No. 25.  The CDE filed its answer in April 2013, and the court set the matter for development of a litigation schedule in May 2013.  ECF Nos. 26, 30, 31.  To give the CDE time to consider whether it would seek joinder of the U.S. Department of Education and local educational associations (LEAs), the court continued scheduling until September 2013, at which point it set a schedule for the case.  ECF No. 40.  Once a case has a schedule, the parties usually are able to begin "discovery" – a structured process governed by federal and local rules and by which parties request information and documents from each other and, in some cases, third parties.  Parties responding to discovery requests have the right to object on various grounds provided by the rules.  *See, e.g.*, Fed. R. Civ. P. 26-37; L.R. 251.  Once a party exhausts efforts to obtain discovery, it may seek the court's intervention in resolving a discovery dispute; in this court, discovery disputes generally are referred to the U.S. Magistrate Judge assigned to the case.  L.R. 251.

Recognizing the specialized issues posed by the electronic discovery necessary in this case, the court effectively delayed the onset of full discovery and departed from the schedule of a typical civil case in setting a special status for February 14, 2014 to review e-discovery plans and procedures.  ECF Nos. 42, 46, 47.  At the February 14 status conference, the court directed the preparation and filing of a proposed protective order to protect the confidentiality of records containing personal identifying information, to the extent such records might be produced to a

party during discovery.  The court approved a discovery protective order on May 5, 2014, binding the parties to its terms and making the order enforceable by the court.  ECF No. 60.

Although plaintiffs attempted to file motions to compel discovery in October 2014, the court withheld referral of discovery disputes to the magistrate judge pending clarification of the procedures applicable to e-discovery in particular.  Between December 2014 and July 2015, the court entertained and in some instances confirmed proposals from the parties regarding e-discovery and the related question of notice as required by the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232g.  ECF Nos. 84, 85, 90, 91, 99, 103, 113, 116.  After it became clear the parties were unable to cooperate to move discovery forward on their own initiative, the court identified the need to appoint an e-discovery Special Master.  ECF No. 97.  After soliciting the names of possible Special Masters from the parties, the court in July 2015 appointed as Special Master Winston Krone, someone both parties approved and the court found highly qualified.  ECF No. 116.

The court directed Mr. Krone, who is an attorney and a court-qualified computer forensics expert, to prepare an e-discovery protocol to govern and guide the discovery process, while taking account of the highly sensitive nature of certain information contained in relevant databases maintained by CDE.  *Id.*  After receiving comments from the parties, the court approved the E-discovery Protocol that currently governs in this case.  ECF No. 127.  That protocol identifies and describes the CDE databases that may contain discoverable material, and discusses methods by which discovery can proceed while protecting personal identifying information. In particular, the Protocol includes as a pre-condition to transfer of any data to plaintiffs that plaintiffs establish a secure environment meeting standards set by the Special Master.  ECF No. 127 at 4:20-22; ECF No. 127-1 at 13-14.  Again, any such data transfer, if it were to occur, would also be subject to the protective order entered by the court on May 5, 2014.

As of the date of this order, no data have been transferred to plaintiffs under the Protocol.  Contrary to some public reports filed with the court, this court has not ordered the release of any data.  Rather, the court has approved orders and procedures to manage the provision of data to a party requesting it in discovery, if that party has a lawful right to the data,

1  subject to the discovery rules included in the Federal Rules of Civil Procedure and this court's
2  Local Rules.  *See again* Fed. R. Civ. P. 26-37; L.R. 251.
3        Entry of the E-discovery Protocol provided a foundation for discovery to proceed
4  in earnest, with discovery disputes referred to the assigned Magistrate Judge.  To date, plaintiffs
5  have filed a motion to compel some discovery, and the Magistrate Judge has granted their motion
6  in part and denied it in part. ECF No. 150.
7  II.   FERPA NOTICE
8        FERPA and its implementing regulations require that parents or eligible students
9  receive notice prior to disclosure of education records, including those that contain personal
10  identifying information; the notice is required when disclosure is subject to a court order.  *See,*
11  *e.g.*, 34 C.F.R. § 99.31(a)(9)(i), (ii).  The notification requirement is enforced by linking
12  compliance to eligibility to receive federal funding.  20 U.S.C. § 1232g(b)(1), (2); 34 C.F.R.
13  § 99.31(a)(9); *United States v. Miami Univ.*, 294 F.3d 797, 806 (6th Cir. 2002).  Even though
14  notice is required, with the opportunity to object, consent of those persons whose information is
15  contained in databases is not required where, as here, disclosure is court-ordered and subject to a
16  protective order.  *See, e.g.*, *Morton v. Bossier Parish Sch. Bd.*, No. 12-1218, 2014 WL 1814213,
17  at *4 (W.D. La. May 6, 2014); *C.T. v. Liberal Sch. Dist.*, No. 06-2093, 2008 WL 394217, at *4
18  (D. Kan. Feb. 11, 2008); *Rios v. Read*, 73 F.R.D. 589, 600–02 (E.D.N.Y. 1977).
19        Given the parties' dispute about the appropriate method of providing the notice
20  required by FERPA, the court entertained briefing, issued a tentative interpretation of the notice
21  provision, and ultimately after further briefing, confirmed its reading of FERPA as allowing for
22  notice by "publication," as opposed to notice in the form of individual notices sent by mail.
23  ECF No. 116.  The court found that the educational records implicated by this case could be
24  disclosed, in one form or another, "as long as parents or students are notified of the disclosure by
25  publication and a protective order restricts the use of the information to this litigation only," *Id.* at
26  7.  The court also noted that this determination, in July 2015, was "without prejudice," meaning
27  that "it can be revisited if the facts of the case change significantly." *Id.*  The court referred
28  approval of the final form and method of notice to the Magistrate Judge.  ECF No. 127.  In

January 2016, the Magistrate Judge approved what was in essence the parties' stipulation regarding the form of notice and notice by publication on the website of the CDE and the websites of LEAs and special education local plan areas (SELPAs), with the objection period to run from February 1 to April 1, 2016.  ECF No. 151.

The response to the notice thus far demonstrates, on the one hand, the imperfect fit between the FERPA regulation crafted in and largely unchanged since the 1970s, before the internet as we know it was a gleam in any but an academics' eye, and on the other, the social media environment in which information is churned and transformed in a nanosecond or less. Whatever the exact trajectory of the Notice may have been, within several days of the CDE's posting of the approved Notice on its website, the opportunity to register an objection was translated variously as encouragement to object lest "all general education and special education student data that CDE has collected since January 1, 2008" be "release[d]," Sagy Decl. Ex. D, ECF No. 160; a mandate to object, Rovianek Decl., ECF No. 160-1, an urgent need to object, Sagy Decl. Ex. G, ECF No. 160, and, at the extreme, as signaling identity theft risk in the absence of an objection, Letter/E-mail, ECF No. 155.

The public's response thus far also serves as a cautionary message to future courts considering the form and method of notice under the current FERPA regulations, when the information to be disclosed following notice is voluminous, as in this case where millions of educational records are contained in the CDE's databases subject to discovery.  A future court, for example, may wish to consider a form of notice that links to an online, confidential objection form managed by a trusted source that can collect the objections in a secure electronic format.  In this case, given the litigation path to the current set of circumstances, the court takes the objections landscape as it finds it.

III.     OBJECTIONS RECEIVED BY THE COURT

As the court shared with the parties at the special status, after soliciting their filings beforehand, the court concludes that at least some of the objection forms the court has received have been completed based on the incomplete or misleading messages that have been conveyed about the FERPA notice, its purpose, and its context within this litigation.  Given the

1  number of objections received, and the objections that will continue to be received, the court has
2  not and can not realistically review the objections individually.  The court construes the
3  objections in bulk as objecting strongly to public disclosure of personal identifying information
4  contained in the CDE's educational records.  Construed in this manner, the objections confirm a
5  concern the court has anticipated since the earliest days of scheduling the case, dating back to
6  early 2014.  *See* Order Feb. 20, 2014, ECF No. 47.  It is precisely to address this concern that the
7  court entered the protective order and approved the E-discovery Protocol discussed above.

8        The court further construes the objections as reinforcing the need for the protection
9  of personal identifying information in the CDE's educational records, and counseling a review of
10 the protections the court has already put in place.  In consultation with the Special Master, the
11 court has identified a modification to the E-discovery Protocol, which will in fact strengthen the
12 protections applicable to the CDE database that contains the most discoverable information that is
13 also the most sensitive because it contains the largest quantity of personal identifying
14 information.  That database is known as California Longitudinal Pupil Achievement Data System
15 (CALPADS).

16       The existing E-discovery Protocol identifies two options for any discovery of
17 CALPADS data to which plaintiffs are entitled:  Option 1, in which plaintiffs, if and when they
18 establish a secure environment approved by the Special Master, would receive a copy of the
19 CALPADS Operational Data Store against which to run targeted searches; or Option 2, in which
20 CDE would maintain custody of the CALPADS data but would facilitate the running of searches
21 of the data to meet plaintiffs' discovery needs.  Previously the court had not limited the parties to
22 either option.  In light of the objections received and being received to the FERPA Notice, the
23 court has now determined that the only appropriate approach to any allowable discovery of
24 information contained in the CALPADS database is presented by Option 2.  The E-discovery
25 Protocol will be modified by this order to eliminate CALPADS Option 1, with the Special Master
26 directed to meet and confer with the parties to recommend further modifications to the E-
27 discovery Protocol to ensure the ability to implement Option 2, taking into account plaintiff's
28 work product and attorney-client privileges and other relevant considerations.

The court makes no further modifications to the E-discovery Protocol at this time, while reserving its right to do so if circumstances support modifications in the future.

To the extent additional efforts previously ordered by the court have not yet been completed, the Special Master also will be directed to advise the court if any of the deadlines previously ordered need to be extended. *See* ECF Nos. 127 & 133.

IV. DEFENDANT'S REQUESTED DISCOVERY STAY

In their filing with this court prior to the special status, the CDE indicates its intent to file a motion for judgment on the pleadings, and suggests that discovery be stayed pending resolution of that motion. The Federal Rules of Civil Procedure do not foresee a stay of discovery pending such a motion. *See, e.g., Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). A party seeking to limit or stay discovery bears the burden to show good cause by establishing what harm or prejudice will result from discovery pending resolution of a motion. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063–64 (9th Cir. 2004) (interpreting Fed. R. Civ. P. 26(c)). Good cause may arise when such fundamental or threshold questions as the court's jurisdiction, venue, or immunity would be resolved by a dispositive motion on the pleadings. *See, e.g.*, *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Here, by contrast, while defendant is not precluded from filing any motion allowed by law, subject to the dictates of Federal Rule of Civil Procedure 11,[1] the

---

[1] Federal Rule of Civil Procedure 11 provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

court previously has found plaintiffs have stated viable claims and denied defendant's motion to dismiss.  *See* Order Mar. 29, 2013, ECF No. 25; *see also GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (declining to stay discovery where there appeared to be no "immediate and clear possibility a potentially dispositive motion will be granted." (citation and quotation marks omitted)).

    Discovery will not be stayed.

V.  PROSPECTIVE LITIGATION OF THE CASE

    Also as the court reviewed at the special status, counsel for the parties are reminded of their obligations to meet all applicable standards of professional conduct and follow all rules of court governing their conduct and the litigation of this matter.  In particular, the court draws counsel's attention to Eastern District of California Local Rule 180(e) (adopting the California Rules of Professional Conduct and the American Bar Association's (ABA's) Model Rules), California Rule of Professional Conduct 3-110 (competent representation), and ABA's Model Rule 1.1 (same).

    In sum, IT IS HEREBY ORDERED:

1. The E-discovery Protocol previously approved by the court on November 3, 2015, is hereby modified with respect to the CALPADS database to remove Option 1 and provide that Option 2 will apply to any discovery with respect to that database.
2. The Special Master is directed to meet with the parties and review the method of implementation of CALPADS Option 2 and, if needed, propose any modifications to Option 2 as currently worded, with any such proposal submitted by the Special Master to this court within thirty (30) days.

/////

/////

---

  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

3. The Special Master is also directed to review with the parties any deadlines previously set by the court on November 3, 2015 and extended on December 1, 2015 that have not been met, and within fourteen (14) days propose extended deadlines for any tasks that require completion at this time.

4. The Clerk of the Court is directed to preserve objections provided in response to the FERPA Notice ordered on January 26, 2016, by archiving them in sealed boxes stored in a secure room until further order of the court. The objections will be noted on the court's docket as LODGED UNDER SEAL in this way, instead of FILED as previously ordered.

IT IS SO ORDERED.

DATED: March 1, 2016.

_____
UNITED STATES DISTRICT JUDGE