UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, an unincorporated association, and CONCERNED PARENTS ASSOCIATION, an unincorporated association,<br><br>        Plaintiffs,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION and DOES 1 through 5,<br><br>        Defendants. | No.  2:11-cv-03471-KJM-AC<br><br>ORDER |

        The E-discovery Special Master recently has informed the court that, with the one exception noted below, he has exhausted all reasonable efforts to facilitate the parties' efforts to move forward with the discovery of electronically stored information in this case.  The court therefore orders as follows.

        The court previously approved as modified the Discovery Protocol proposed by the Special Master.  *See* Order Mar. 1, 2016, ECF No. 164; Order Nov. 3, 2015, ECF No. 127; Discovery Protocol 8–11, ECF No. 127-1.  The Discovery Protocol remains in force, and will not be modified except by an order of court after a showing of good cause.

1          Both the parties and this court have an obligation to advance this litigation fairly
2   and efficiently.  *See, e.g.*, Fed. R. Civ. P. 1.  This court has inherent power to manage its docket,
3   if necessary by imposing appropriate sanctions.  *See, e.g.*, *Thompson v. Hous. Auth. of City of*
4   *L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).  Counsel shall work toward the completion of discovery
5   in this case in good faith and in careful consideration of their duties as attorneys admitted to
6   practice in the Eastern District of California.  *See, e.g.*, E.D. Cal. L.R. 180(e).

7          The parties and the Special Master will continue to work toward the production of
8   email and network files as specified in the Discovery Protocol.  *See* Order Nov. 3, 2015, ECF No.
9   127; Discovery Protocol 8–11, ECF No. 127-1.  In all other respects, the court has determined the
10  parties will not benefit from further direct coordination with the Special Master.  The parties are
11  directed to restrict their communications with him to discussions about the production of email
12  and network files, as noted at the beginning of this paragraph.

13         The Special Master will continue to fulfill his role, but at this point by assisting as
14  an independent technical expert, including by assisting the assigned Magistrate Judge in any
15  discovery matter she deems requires his assistance.  *See* Fed. R. Civ. P. 53; Order July 2, 2015,
16  ECF No. 116; Minute Order, ECF No. 124.

17         Finally, the court also has been advised that the California Department of
18  Education (CDE) and its counsel have suggested the Special Master has wasted time and that he
19  may be motivated by an improper pecuniary interest.  The court previously has adopted a
20  procedure by which any party may object to any of the Special Master's expenses as not
21  reasonably incurred or allocated.  *See* Order Jan. 25, 2016, ECF No. 149.  That procedure does
22  not provide for attempting to impugn the Special Master through direct communication with him.
23  Counsel is reminded that "[a] special master is a 'surrogate' of the court and in that sense the
24  service performed is an important public duty of high order in much the same way as is serving in
25  the Judiciary."  *Cordoza v. Pac. States Steel Corp.*, 320 F.3d 989, 995 (9th Cir. 2003) (citation
26  and quotation marks omitted).  Any further end runs around the orderly procedure for
27  reimbursement of the Special Master shall be addressed through appropriate sanctions.
28

1   Moreover, to clarify the Special Master's role as a surrogate of the court, the
2   procedure for payment of his reasonable expenses is hereby modified to provide that upon
3   approval of his expenses by the Magistrate Judge, the party owing payment shall promptly
4   forward the funds due to the Clerk of the Court, who is directed to establish an account for this
5   purpose.  The Clerk of the Court will then disburse the funds to the Special Master as approved
6   by the Magistrate Judge.  The court expressly reserves the right to further modify the procedure
7   for payment of the Special Master if future circumstances call for such modification.
8   IT IS SO ORDERED.
9   DATED:  April 4, 2016.

_____
UNITED STATES DISTRICT JUDGE