UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | No.  2:11-cv-3471 KJM AC <br><br><br> ORDER |

Defendant California Department of Education ("CDE") has complied with the undersigned's order (ECF No. 182) to file a letter stating (a) the date they will complete the email searches using their own seven terms, (b) when the emails will be produced to plaintiffs, and (c) the timetable for the initial CALPADS searches and production. ECF No. 187. Plaintiffs have filed a letter in response. ECF No. 188. The undersigned has reviewed both letters.

I.  EMAILS

CDE states that it expects to begin the production of emails on June 17, 2016, by producing from the set of 5,000 documents it has thus far identified "from the fourteen (14) priority custodians email boxes," using its own seven (7) search terms. ECF No. 187 at 1. It further states that it will "continue with a rolling production every four weeks," completing on November 4, 2016.  Id.  CDE explains that it must conduct reviews "for duplicates, PII

1

[personally identifying information], and privilege." Id.  It further explains that its "IT [information technology] department needs a minimum of 1.5 weeks to process data for production." Id.

The court understands CDE's assertion to mean that it will complete the production of the non-privileged portion of the 5,000 documents by June 17, 2016, and that the November 4, 2016 date refers to other, not-yet-found emails still subject to search (for example, those resident in the remaining priority email boxes).  This timetable appears to comport with the section of the E-Discovery Protocol timetable that addresses the production of these emails, and which is still in full force and effect:

> Upon completion of the searching of any particular data set, CDE shall have 45 days to review all search results and, if appropriate, claim that certain data is privileged or otherwise should not be produced to Plaintiffs. Following the completion of the 45 day review process, CDE shall produce to Plaintiffs all data deemed non-privileged (or otherwise not to be withheld data) on a reasonable rolling basis.

ECF No. 127-1 at 9 ¶ II(7).[1]

Plaintiffs object that CDE's letter is ambiguous, that it does not address the "network" searches, that CDE is only using its own 7 search terms rather than plaintiffs' 300, that only 14 priority email boxes are being searched, and that CDE is delaying production while it processes for privilege and personally identifying information.

## II.  CALPADS

CDE asserts that it will be prepared to make a production of materials resulting from its initial CALPADS search on July 29, 2016.  ECF No. 187 at 2.  It asserts that this time is needed because of its obligations in meeting is "federal reporting obligations."  Id. & n.3.

Plaintiffs object to the timing, asserting that the required searches should take "no more than one work day."  ECF No. 188 at 2.  They also object to CDE's assertion that it will redact personal identifying information before producing documents.  Id.

---

[1] If CDE means that it will process the 5,000 already-identified emails until November 4, 2016, it is advised that this would be in direct violation of the E-Discovery Protocol.

III.  CONCLUSION

Good cause appearing, IT IS HEREBY ORDERED that:

1. CDE shall produce, no later than June 17, 2016, the non-privileged portion of the 5,000 emails it described in its May 27, 2016 letter to the court.

2. CDE's production shall be accompanied by a cover letter which generally describes what is being produced, together with a Privilege Log of the emails it is not producing.  The Privilege Log shall comply with Fed. R. Civ. P. 26(a)(5)(A).  For these purposes, the Privilege Log need not necessarily be an email-by-email listing, so long as the descriptions offered comply with Rule 26(a)(6)(A), that is, the listing and/or descriptions will enable plaintiffs to assess the claim of privilege for all the withheld emails.  CDE shall simultaneously email a copy of the cover letter and the Privilege Log (but not any of the underlying documents) to the undersigned's Chambers at acorders@caed.uscourts.gov.  The email's subject line shall make reference to this order.

3. CDE shall produce, no later than July 29, 2016, the non-privileged portion of the materials responsive to the initial CALPADS search, together with a Privilege Log describing the materials it is not producing, in conformity with Rule 26(a)(5)(A).

4. At the hearing on the parties' cross-motions for protective order and to compel (see ECF Nos. 185, 186), currently scheduled for June 22, 2016, the parties shall be prepared to discuss:

   a. Why CDE needs to redact PII in light of the Stipulated Protective Order.  See ECF No. 60;

   b. Why CDE needs to redact PII even if the receiving environment is certified, or alternatively, why the receiving environment needs to be certified if CDE is redacting the PII;

   c. Whether the November 4, 2016 date for completing the rest of the email searches and completing the entire email production is a reasonable date or not;

   d. Whether CDE's own seven email search terms are sufficient to obtain the materials plaintiffs are seeking;

////

    e. When CDE should commence and complete searches and production of the emails resident with the remaining priority custodians;

    f. Whether the July 29, 2016 date for the CALPADS production is reasonable or not; and

    g. Any other matter raised by the parties' letters to the court (ECF Nos. 187, 188).

  5. On August 1, 2016, the parties shall each file a separate Discovery Status Report, not to exceed three (3) pages in length, describing the status of discovery efforts. No party shall file a response to any other party's report. The parties shall thereafter file a Discovery Status Report every two months, commencing October 1, 2016, describing the status of discovery efforts since the last report.

  6. Every discovery production, by every party, shall be accompanied by a cover letter and, where applicable, a Privilege Log that complies with Rule 26(a)(5)(A). The cover letter and Privilege Log (but not any of the underlying documents) shall simultaneously be emailed to the undersigned's Chambers at acorders@caed.uscourts.gov. The email's subject line shall make reference to this order.

DATED: June 3, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4