UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | No. 2:11-cv-3471 KJM AC <br><br><br> ORDER |

Plaintiffs have filed a motion for monetary sanctions, and have noticed it to be heard before the undersigned on August 10, 2016. ECF No. 206.[1] In connection with that motion, plaintiffs have now filed a "Request for Leave To File Invoices *In Camera*" in support of their motion for sanctions. ECF No. 207. According to plaintiffs, they wish to submit invoices in support of their motion, and wish to "preserve their rights with respect to privilege and work product immunity." ECF No. 207 at 1. In asserting legal support for this request, plaintiff state:

> The Ninth Circuit has long endorsed the *in camera* procedure to protect invoices submitted in support of motions for fees. *See, e.g., Fed. Sav. & Loan Ins. Corp. v. Ferm,* 909 F.2d 372, 374-75 (9th Cir. 1990).

ECF No. 207 at 2.

---

[1] The district judge presiding over this case has referred this matter to the undersigned. ECF No. 204.

1

I. ANALYSIS

According to the Ninth Circuit, "[t]he conclusion that the amount, date, and form of legal fees paid is not a confidential communication protected by the attorney-client privilege is a mixed question of law and fact." Tornay, 840 F.2d at 1426.  Here, plaintiffs have shown no legal or factual basis for their blanket assertion of the privilege, and such a blanket assertion does not appear to be warranted by Ninth Circuit law:

> The district court awarded the fees, amounting to $80,881, after it had received the defendants' lawyers' timesheets in camera.  *No reason appears why the timesheets should not have been made available to MGIC [plaintiff] and MGIC given the opportunity to challenge them.*  We remand for the sole purpose of a hearing in which MGIC may challenge the reasonableness of the fees awarded.  The court may withhold from MGIC any information it finds protected by the lawyer-client privilege.

MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (emphasis added).

Despite plaintiffs' claim that the Ninth Circuit "has long endorsed the *in camera* procedure" in connection with motions for attorneys' fees, they have cited no cases that actually support that proposition, or illustrate this alleged long endorsement.  Ferm, the one case plaintiffs do cite, only undermines plaintiffs' claim.  According to Ferm, "[f]ee information is generally *not privileged*."  Ferm, 909 F.2d at 374 (emphasis added) (citing Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir.1988)).  In turn, Tornay states that "[p]ayment of fees is incidental to the attorney-client relationship, and does not usually involve disclosure of confidential communications arising from the professional relationship."  Tornay, 840 F.2d at 1426.

In fact, Ferm has nothing to do with protecting invoices that, as plaintiffs claim, were "submitted in support of motions for fees."  To the contrary, Ferm did not even involve a motion seeking fees.  In that case, the district court entered a preliminary injunction freezing defendant's assets during the pendency of the lawsuit against her.  Ferm, 909 F.2d at 373.  Later "the district court modified the injunction, permitting Ferm to withdraw funds to pay for reasonable attorney's fees."  Id.  Later still, the court further modified the preliminary injunction by issuing an "accounting order" that required defendant's attorneys to submit to the court "all invoices for legal services and expenses rendered in connection with Ferm's defense . . . for an *in camera*

review, so that the district court could determine whether the firm's fees were reasonable." Id. The accounting order was appealed to the Ninth Circuit, which affirmed. Id. at 375.

The in camera review in Ferm was intended solely to ensure that defendant did not improperly dissipate frozen assets in violation of the court's preliminary injunction:

> the district court's accounting order *protects already frozen assets from possible excessive dissipation due to unreasonable attorneys' fees*. It ensures compliance with the preliminary injunction's requirement that otherwise frozen funds be used solely for fees which are "reasonable."

Id. at 374 (emphasis added). The review had nothing to do with any determination of a motion for attorneys' fees.

## II.  CONCLUSION

For the reasons stated above, plaintiff's Request (ECF No. 207), is DENIED.

DATED: July 18, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE