UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | No.  2:11-cv-3471 KJM AC <br><br><br> ORDER |

On August 29, 2016, the parties, through their counsel, appeared before the undersigned for a Discovery Conference.  Having discussed with the parties various issues that were raised by the parties' August 1, 2016 Discovery Status Reports (ECF Nos. 213, 214), and the most recent production cover letters provided to Chambers by defendant,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs shall invite defendant's counsel and expert(s) to attend the meeting plaintiffs wishes to have with the Special Master regarding "load files."

2. Within 45 days from the date of this order, defendant shall revise its June 17, 2016 and July 15, 2016 productions of emails, to include a metadata field entitled "Search Results," as described in the August 15, 2016 cover letter.  Revised cover letters should be included and provided to the court.  Going forward, production of emails shall follow the format specified in

the August 15, 2016 cover letter.  Defendant is not required to explain its thinking or process for deciding which documents are produced in each installment of the rolling production of these emails.  Defendant has clarified that the current rolling production involves only the 14 "priority" custodians.

3.  Within 45 days of the date of this order, defendant shall revise all the email privilege logs.  The privilege logs must comply with Rule 26(b)(5)(A).

Defendant's current privilege logs accompanying the email cover letters (June 17, 2016, July 15, 2016, and August 15, 2016) do not comply with the Federal Rules.  The Rules require that the log "describe the nature" of the documents withheld "in a manner that … will enable other parties the assess the claim." Fed. R. Civ. P. 26(b)(5)(A).  Instead of describing the withheld documents, defendant appears to have simply reproduced the subject lines of the emails.  In addition, some of those subject lines have themselves been redacted, making it entirely impossible to determine what is being withheld, or to assess the claim of privilege.

Defendant is advised that it need not provide a description for each individual document withheld.  Indeed, such a process is distinctly unhelpful to the court when such a large number of documents are being withheld.  Rather, it is sufficient to group similar documents under a common description, where that is possible.  The privilege logs themselves must not contain any redactions.

4.  Plaintiffs shall promptly notify the court when its secure environment has been certified by the Special Master.  Upon receipt of the certification, the undersigned will provide an opportunity for defendant to review the certification and file confidential objections, if any, while preserving the confidentiality of the certification and the underlying environment.

DATED: August 29, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE