RONY SAGY (Bar No. 112219)
BARBARA L. GATELY (Bar No. 76497)
SAGY LAW ASSOCIATES
930 Montgomery Street, Suite 600
San Francisco, CA 94133
Telephone: 415-986-0900
Facsimile: 415-956-3950
Email: rony.sagy@sagylaw.com

Attorneys for Plaintiffs
MORGAN HILL CONCERNED PARENTS ASSOCIATION and
CONCERNED PARENTS ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, an unincorporated association, and CONCERNED PARENTS ASSOCIATION, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, and DOES 1 through 5,<br><br>Defendants. | CASE NO. 2:11-CV-03471-KJM-AC<br><br>**PLAINTIFFS' FIFTH DISCOVERY STATUS REPORT PURSUANT TO THE COURT'S JUNE 3, 2016 ORDER**<br><br>Courtroom: 26<br>Judge: Honorable Allison Claire, Magistrate Judge<br>Action Filed: April 23, 2012 |

On February 2, 2017, the Court issued its order (ECF No. 273 or "Order") granting Plaintiffs' motion to compel and requiring that CDE re-produce all ESI, previously produced in non-native format, in native format with all metadata attached within 30; and either produce legally sufficient privilege logs, or produce all documents withheld under its existing logs, within 30 days.

## I. The Production of Native Files

**A. Reproduction of Documents Previously Produced as Static Images**. On March 6, 2017, Plaintiffs received CDE's production of 13,941 native documents (numbered DOJ000001-DOJ01391). Out of this production, 13,566 documents are the native files of 253,239 pages previously produced as static images and their OCR'ed text files in June, July, August, September, and October of 2016 (previously numbered AG027633-AG281388).

**B. Production Index.** Along with the re-produced documents, CDE provided a table that itemized for each document: the native production Bates number (DOJ numbers); the previous Bates numbers (for documents previously produced as images and text files)(the AG numbers); the file name; the search results; and the "MD5 Hash value" for each native document.

CDE's production of native files under a different Bates numbering system poses a number of challenges:

**1. No Bates Numbers Matching the Static Images of the Email Attachments Previously Produced.** While it is common in pre-trial E-Discovery to produce native files in conjunction with their corresponding static images under the same Bates numbers (often resulting in a single native file having an associated Bates number range), CDE produced static images previously, using an AG number to identify each page of the email and the associated attachments. CDE has now assigned a different numbering system (DOJ---) to its production of native files of the previously produced images and text files which no longer identifies each page of the email and associated attachments.

**2. Use of Different Numbering Methodologies.** The comparison chart CDE provided identifies the new production numbers and the corresponding old numbers. A review of the table, however, shows the imbalance between the two numbering systems. The native

document numbered DOJ013488 (entry 13488 in CDE's production index), for instance, is associated with images Bates numbered AG280435-AG280926. In other words, the old numbering system assigned a Bates number to each of the 491 pages of the email and attachments beginning with the number AG280435. In the new production, all 491 pages are assigned one Bates number: DOJ013488. The assignment of one Bates number to an email with multi-page attachments may cause confusion in attempting to identify one specific page in any of the attachments (email attachments usually appear in random sequence) at a deposition or in motion practice. Plaintiffs observe that, in addition to the potential for confusion, CDE's use of a Bates numbering methodology different from the one used previously to produce images is unnecessarily costly and inefficient.

**C. Three Hundred and Seventy Five Newly Produced Native Files With No Corresponding Static Images.** CDE also produced 375 documents for the first time, having been previously withheld under a claim of privilege. Though the Order did not require that newly produced documents include the native corresponding image files, their absence suggests the need for a mechanism to ease the identification of specific pages in each document.

**1. A Uniform Numbering Protocol Must Address Native Production Without Static Images.** As CDE explains: "In a native document production, the attachments are embedded in the parent email itself, which means that none of the attachments have a Bates number." If the Court approves the production of native files without corresponding Bates numbered images, Plaintiffs suggest that the Court request that they follow a numbering protocol to ensure a uniform identification of multi-page attachments to an email, for the ease of use in motion practice, depositions and trial.

**2. Cost.** Plaintiffs have already incorporated CDE's previous Bates number protocols into their E-Discovery platform. CDE's new production Bates numbering protocol will require significant additional expenditures.

## II. Privilege Logs

On March 6, 2017, CDE produced a new privilege log. While the March 6 privilege log includes more detail than previous iterations, Plaintiffs note the following, non-exhaustive list of

deficiencies:

**A. Lack of Sufficient Detail to Ascertain Propriety of Privilege Claimed.** The privilege log includes only the email subject and a cursory description or a conclusory statement (e.g. "legal memo") of the topic. In most cases, the information provided is inadequate for Plaintiffs to ascertain if legitimate grounds exist to claim the protection of the asserted privileges. Plaintiffs offer the following examples:

- Entry No. 29 in the 03/03/2017 privilege log describes a document sent from Jane Canty to Anna Marsh and Len Garfinkel (Mr. Garfinkel is an attorney). The stated subject line is: "CCS." The document is described as: "legal memo to administrators of the Special Education Division at CDE re CCS." The description of the communication and its circulation to administrators and one attorney (as a recipient), does not suffice to substantiate the claimed attorney-client privilege.

- Entry No. 2197 describes a document from Alison Greenwood to Kenneth Freedlander with subject "FW Filed Amended Complaint" and the description: "Email from attorney providing legal advice and requesting further review of First Amended Complaint and Exhibits A& B." Although CDE claims an attorney-client privilege neither the sender nor the recipient is an attorney. The filed complaint is a matter of public record.

**B. Unsupported Claim of the Deliberative Process Privilege.** CDE claimed the deliberative process privilege with respect to 680 out of the 2204 documents withheld. CDE did not provide the necessary declarations and other support to sustain the deliberative process privilege—requirements that Plaintiffs detailed at length in their moving papers in support of their motion to compel.

Although the issues stated above do not constitute an exhaustive list of deficiencies, Plaintiffs believe that the current privilege log suffers from deficiencies similar to those plaguing the preceding versions.

DATED: April 3, 2017

SAGY LAW ASSOCIATES

By: /S/ Rony Sagy