UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, an unincorporated association, and CONCERNED PARENTS ASSOCIATION, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, and DOES 1 through 5,<br><br>Defendants. | No. 2:11-CV-03471-KJM-AC<br><br>ORDER |

Before the court is plaintiffs' request for reconsideration of the magistrate judge's order denying plaintiffs' request for attorneys' fees. *See* February 2, 2017 Order (2017 Order), ECF No. 287; Pls.' Request for Reconsideration (Request), ECF No. 288. The magistrate judge denied plaintiffs' request "with leave to renew using Sacramento rates," 2017 Order at 20, and plaintiffs here argue their request for fees should not be so geographically limited, Request at 4–6. Defendant California Department of Education (CDE) opposes. Opp'n, ECF No. 289. For the reasons explained below, the court DENIES the request for reconsideration. Because the court's determination necessarily resolves a portion of another pending request for reconsideration involving attorneys' fees, the court denies that request as well.

1

I.      BACKGROUND

     A.      The Magistrate Judge's February 2, 2017 Order

On February 2, 2017, the magistrate judge granted plaintiffs' motion to compel but denied plaintiffs' request for associated attorneys' fees. 2017 Order at 16–20. The magistrate judge found plaintiffs were entitled to reasonable attorneys' fees incurred in making the motion to compel, but denied the request for fees because they were based on San Francisco rates. *Id.* at 19–20 ("[T]he undersigned has already determined that local, Sacramento rates are appropriate for attorneys' fees in this case."). Because the magistrate judge expressly referenced the magistrate judge's August 17, 2016 order addressing these issues, the court briefly turns to that ruling.

     B.      The Magistrate Judge's August 17, 2016 Order

The magistrate judge's prior order found that because plaintiffs were partially successful in pursuing another motion to compel, limited sanctions against defendant were warranted under Federal Rule of Civil Procedure 37(a)(5). *See* August 17, 2016 Order (2016 Order) at 17–18, ECF No. 229. The magistrate judge apportioned the sanctions attributable to the successful portion of the motion to compel, *id.* at 21, but granted plaintiffs only a fraction of their associated attorneys' fee request, *id.* at 21–24. The magistrate judge explained "[t]he general rule is that the rates of attorneys practicing in the forum district, here the Eastern District of California – Sacramento, are used" and "the party seeking fees at a non-local rate must make a showing to overcome this 'presumption.'" *Id.* (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *Barjon v. Dalton*, 132 F.3d 496, 501 (9th Cir. 1997)). Although plaintiffs offered evidence that they had reached out to attorneys in three regions, the magistrate judge concluded plaintiffs failed to make the necessary showing to overcome the presumption of Sacramento rates. *Id.* at 22–23. As the magistrate judge explained, plaintiffs' declarations did not clearly address whether plaintiffs approached Sacramento area attorneys or whether those attorneys were unavailable. *Id.* Finding Sacramento rates applied, the magistrate judge reduced plaintiffs' request by one half. *Id.* at 24 (reducing rates from $155,628.96 to $77,814.48).

## II. STANDARD

Federal Rule of Civil Procedure 72(a) provides that district judges consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A). The "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g.*, *Brooks v. Motsenbocker Advanced Developments, Inc.*, 2008 WL 3049983, at *1 (S.D. Cal. Aug. 1, 2008) (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623.

"To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *1, at *3 (E.D. Cal. Mar. 23, 2011). Furthermore, when filing a motion for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j)(3). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

III. DISCUSSION

Plaintiffs here ask for reconsideration of the magistrate judge's February 2017 order denying plaintiffs' request for attorneys' fees "with leave to renew using Sacramento rates." *See* Request at 4–6.

Initially, plaintiffs do not argue the magistrate judge misapprehended the law. *Id.* Indeed, the Ninth Circuit has repeatedly made clear that, even in cases of statewide litigation, the presumptively reasonable rates are those of the forum district unless local counsel is "unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Gates*, 987 F.2d at 1405 (affirming use of San Francisco rates given plaintiffs' substantial evidence of unavailability of sophisticated counsel in Sacramento necessary to lead the case); *cf. Barjon*, 132 F.3d at 501 (affirming district court's use of local rates where "evidence suggests the availability of qualified local counsel"); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (remanding case where district court did not consider prevailing rates of forum district or community shown to be comparable to it). The magistrate judge's order is therefore not subject to the "contrary to law" de novo review, but instead to the significantly deferential "clearly erroneous" standard. *Concrete Pipe and Prods.*, 508 U.S. at 622–23.

Plaintiffs argue the magistrate judge committed clear error by concluding plaintiffs' evidence did not establish unavailability of local counsel. Request at 4–7. Plaintiffs point to evidence they offered in support of an earlier request for attorneys' fees, including a San Francisco lawyer's declaration that emphasized the complex nature of this case. Request at 2–3 (citing Bien Decl. ¶ 16, ECF No. 206-8); *see also* Sagy Decl. ¶ 43, ECF No. ECF No. 274-1 (incorporating prior declarations). Even assuming the need for sophisticated counsel, it was not clearly erroneous for the magistrate judge to conclude plaintiffs failed to show such an attorney was unavailable in this district. The evidence supports the magistrate judge's determinations that plaintiffs did not show they had specifically sought representation in Sacramento or, even assuming they had, that local counsel was unavailable. *See* Bien Decl.; McNulty Decl. ¶ 4, ECF No. 206-9; Sagy Sanctions Decl. ¶¶ 3, 8, ECF No. 206-2. As the magistrate judge explained, this

evidence groups together law firms and advocacy groups across three different regions and nowhere indicates the unavailability of legal representation in Sacramento.  *See* McNulty Decl. ¶ 4.  Because the magistrate judge's determinations were not clearly erroneous, the magistrate judge's denial of the plaintiffs' request "with leave to renew using Sacramento rates" was appropriate.

IV. <u>CONCLUSION</u>

The court DENIES plaintiffs' request for reconsideration of the magistrate judge's February 2, 2017 order.  This resolves ECF No. 288.

Regarding the parties' prior requests for reconsideration of the magistrate judge's August 17, 2016 order, *see* ECF Nos. 236, 239–40, the court will address these requests separately with one exception here.  Plaintiffs' prior request asked for reconsideration of the magistrate judge's adoption of Sacramento rates in calculating sanctions at that time under Rule 37(a)(5).  ECF No. 236 at 6, 22–23.  The court finds the magistrate judge's determination in that 2016 order was not clearly erroneous or contrary to law, and so DENIES that portion of plaintiffs' request.  The court will fully resolve the remaining portions of ECF No. 236 in an order to follow.

IT IS SO ORDERED.

DATED: April 18, 2017.

_____
UNITED STATES DISTRICT JUDGE