UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | No. 2:11-cv-03471-KJM-AC<br><br>ORDER |

This matter comes before the Court on plaintiffs' Re-Noticed Motion for a Mandatory Fee and Costs Award Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and E.D. Cal. R. ("Local Rule") 230. This motion was referred to the undersigned by Local Rule 302(c)(1).

**I. BACKGROUND**

A. <u>Relevant Procedural History</u>

Plaintiffs, two associations of parents of children with disabilities, allege that the California Department of Education ("CDE") is violating the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400, et seq., through its systemic failure to provide a "free appropriate public education" ("FAPE") to children with disabilities in accordance with the Individuals with Disabilities Education Act ("IDEA"). During the pendency of this litigation, the Court has addressed multiple discovery disputes between the parties. On August 17, 2016,

1

following one such discovery dispute, an order was issued in which plaintiffs were awarded attorneys' fees at what the Court determined to be the correct Sacramento rates: $350 per hour for attorneys and $75 per hour for paralegals. ECF No. 229 at 23-24.

On November 23, 2016, plaintiffs filed a subsequent motion to compel and for sanctions, seeking fees based on San Francisco rates (ECF No. 273). Defendants filed a cross-motion for a protective order and for sanctions (ECF No. 272). The undersigned denied defendants' motions. ECF No. 287 at 20. Plaintiffs' motion to compel was granted, but their request for sanctions was denied without prejudice in light of the undersigned's finding that Sacramento rates are the appropriate fee measurement. Id. Plaintiffs were given 30 days to renew their motion for fees using Sacramento rates. Id. Plaintiffs sought reconsideration from District Judge Kimberly J. Mueller. ECF No. 288. Judge Mueller denied the motion. ECF No. 300.

B.  The Claims

Plaintiffs now renew their request for fees at what they allege to be Sacramento rates. ECF No. 304. There are three issues presented: (1) the appropriate rate for attorney and paralegal fee reimbursement; (2) the billed hours appropriate for compensation as a result of plaintiffs' success on their motion to compel, and (3) plaintiffs' recoverable costs.

## II. ANALYSIS

The parties do not dispute that the appropriate method for computing fees in this case is the lodestar approach, in which the Court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. Cunningham v. Cty. of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988). Each of these factors is discussed below, followed by a discussion of recoverable costs.

A.  Reasonable Hourly Rates

The appropriate rate for reimbursement of fees in Sacramento is the Court's previously stated rate of $350 per hour for attorneys, and $75 per hour for paralegals. ECF No. 229 at 23-24; see also, Orr v. California Highway Patrol, 2015 WL 9305021 at * 4, 2015 U.S. Dist. LEXIS 170862 at *13 (E.D. Cal. 2015) (Shubb, J.); Lin v. Dignity Health, 2014 WL 5698448 at *3, 2014 U.S. Dist. LEXIS 155980 at *7-8 (E.D. Cal. 2014) (Mueller, J.). It has already been established

in this case that the reasonable hourly rate is determined by the Sacramento community. ECF No. 229 at 23-24. "To inform and assist the court in the exercise of its discretion [in determining reasonable community rates], the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984).

Plaintiffs argue that an upward adjustment to the typical Sacramento rates is necessary due to the limited number of attorneys doing similar work in Sacramento. Their argument is unpersuasive because they interpret far too narrowly the pool of attorneys and paralegals available for comparison. Plaintiffs assert that the appropriate Sacramento rate for attorneys in the specialized area of statewide, systemic IDEA litigation is $725 per hour for attorneys and $182 per hour for paralegals. ECF No. 304-1 at 5. Plaintiffs reach these numbers by taking the average of what they allege to be the only two attorneys/organizations in Sacramento that litigate IDEA cases. Id. at 6. The undersigned finds this method inadequate.

The first of the attorneys proposed by plaintiffs as a fee guidepost, Mr. Richard Ruderman, avers that he practices disability law in Sacramento, and that his current rates are $550 per hour for attorneys and $150 per hour for paralegals. ECF No. 304-6 at 2. While the undersigned agrees that Mr. Ruderman's fees may be relevant as a guidepost for the legal community in Sacramento, plaintiffs fail to explain why the Court should be guided by Mr. Ruderman's 2017 rates, when plaintiffs' motion to compel was brought in 2016. ECF No. 273. The undersigned accepts defendants' position that a more reasonable comparison would be Mr. Ruderman's 2016 rate of $400 per hour. ECF No. 305-1 at 8.[1] The undersigned further agrees with defendants that the $400 rate is high as applied to plaintiffs' counsel, given that Mr. Ruderman has litigated substantially more IDEA cases than plaintiffs' counsel. Id. at Ex. B, Ex.

---

[1] The Court agrees with defendants that any argument that the $400 rate is inaccurate because Mr. Ruderman only requests fees at the rate that he charged when the litigation commenced (e.g. $400 an hour for the Ninth Circuit case that commenced in 2012) does not support plaintiffs' cause. As defendants point out, under this reasoning, Mr. Ruderman's rate for comparison would be less than $400 an hour, because this case commenced a year earlier, in 2011.

1  C. Additionally, other attorneys at Mr. Ruderman's firm also litigate special education cases and
2  charge between $250-375 per hour. Id. at Ex. A.

3       The second attorney organization used by plaintiffs as a fee guidepost, Disability Rights
4  California, is simply unrepresentative of Sacramento community rates. The Declaration of
5  Melinda Bird makes clear that the organization's rates are set by a "statewide fee structure" and
6  are "not affected by the geographic location of its practice group nor the court in which its cases
7  are pending." ECF No. 304-8, 4. This statewide fee structure, in which attorneys charge $900
8  per hour, is far out of step with the Sacramento community.

9       Plaintiffs further argue that the Court should enhance its fee award based on several
10 considerations known as the "Kerr factors." See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67,
11 70 (9th Cir.1975), abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557, 112
12 (1992). "Under the lodestar approach, many of the Kerr factors have been held subsumed in the
13 lodestar determination as a matter of law. These factors may not act as independent bases for
14 adjustments of the lodestar. Those Kerr factors that are not subsumed may support adjustments in
15 rare cases, provided the district court states which factors it is relying on and explains its
16 reasoning." Cunningham v. Cty. of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988) (emphasis
17 added, internal citations omitted). Here, plaintiffs argue an upward adjustment is appropriate
18 based on (1) the novelty and difficulty of the questions involved, (2) the preclusion of other
19 employment by the attorney due to acceptance of the case, (3) whether the fee is fixed or
20 contingent, and (4) the 'undesirability' of the case. ECF No. 304-1, 14-15. The undersigned
21 declines to make any adjustments based on the above listed factors.

22       The court has considered the plaintiffs' arguments, particularly the declaration of Ms.
23 Linda McNulty (ECF No. 304-7) attesting to her journey in finding counsel for this matter.
24 Nonetheless, the undersigned finds that the evidence does support an upward adjustment in this
25 case. Based on a review of the matter as a whole, none of the Kerr factors support a deviation
26 from the standard Sacramento rates. The undersigned, having considered all of the arguments
27 and declarations presented by the Parties, concludes that $350 per hour for attorneys and $75 per
28 ////

4

1 hour for paralegals are the appropriate Sacramento rates and are the rates that will be applied in
2 this case.

  B.  Hours Reasonably Expended

  Plaintiff is entitled to recover 263.83 attorney hours ($92,340.50) and 62.66 paralegal hours ($4,699.50), for a total of $97,040.00 in recoverable fees. The undersigned has concluded that the remainder of the hours claimed by plaintiffs is not related to bringing their motion to compel, and is therefore unrecoverable. Plaintiffs, who were awarded fees for prevailing on a motion to compel pursuant to Fed. R. Civ. P. 37(a)(5)(A), are entitled only to "reasonable expenses incurred in making the motion[.]" Matter of Yagman, 796 F.2d 1165, 1184–85 (9th Cir.1986). "The measure to be used 'is not actual expenses and fees but those the court determines to be reasonable.'" Id., 796 F.2d 1165, 1185 (9th Cir.1986) (quoting William W Schwarzer, Sanctions Under the New Federal Rule 11–A Closer Look, 104 F.R.D. 181, 182 (1985)). "Ultimately, a 'reasonable' number of hours equals '[t]he number of hours ... [which] could reasonably have been billed to a private client.'" Estate of Crawley v. Kings Cty., No. 1:13-CV-02042-LJO, 2015 WL 4508642, at *2 (E.D. Cal. July 24, 2015) (Boone, J.), quoting Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir.2013).

  Plaintiffs' entitlement to fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) does not entitle them to recover fees for everything they have ever done related to discovery in this case. Plaintiffs are entitled only to fees related to actually litigating their motion to compel. Plaintiffs' proposed hours for compensation include unrecoverable time entries going back several months before their motion was brought, including hours for general discovery tasks and case preparation. See, e.g., ECF No. 304-3, 16 ("(ESI) Reviewing docs in CDE production installments for legibility . . . (ESI) Work on letter to CDE re email production format . . . (ESI) Reviewing inconsistent text files produced 6/16/16 for errors"); Id. at 17 ("(ESI) Analyze newly articulated position re native files. Check past correspondence and earlier responses by CDE . . . Going over CDE's production from June 2016 – reading documents for formatting and missing data").

  Many of plaintiffs' proposed hours are unrecoverable because they reflect work on plaintiffs' defense to defendants' motion to compel, which is unrelated to plaintiff's success on

their own motion.  See, e.g., id. at 26 ("(ESI) Work on my declaration in opposition to motion for a protective order . . . (ESI) Updating knight Declaration for opposition . . . (ESI) Prepare opposition to CDE's motion").  Finally, many of plaintiff's entries are so vague it is impossible to tell whether the time recorded is related to plaintiffs' motion to compel.  See, e.g., id. at 24 ("Reading exxon case regarding deliberative process . . . (ESI) creating and organizing exhibits . . ."), id. at 25 ("Reviewing Points and Authorities").

The Court has reviewed all time entries submitted, and concludes that 263.83 hours of attorney work and 62.66 hours of paralegal work are sufficiently related to plaintiffs' motion to compel to be recoverable.  While this is a significant reduction from plaintiffs' requested hours, the undersigned finds this to be a generous evaluation which accounts fully for the difficulties presented by defendants' noncompliant conduct.  Defendants will pay plaintiffs' $97,040.00 in fees.  Plaintiffs have had ample opportunities to justify their rates and argue in support of the categories of hours this Court has found unrecoverable, and the undersigned will entertain no further argument or supplemental showing related to these matters.

### C. Recoverable Costs

Plaintiff is not entitled to recover any costs.  While costs are generally recoverable under Fed. R. Civ. P. 37(a)(5)(A), Plaintiffs have submitted a cost list that presents only items unrelated to their motion to compel and items that are too vague to be clearly linked to their motion to compel.  For example, plaintiffs seek to recover amounts paid to Blue Iron Network Consulting for expenses related to uploading documents productions.  This is a general cost of discovery, and is not clearly linked to plaintiffs' motion to compel.  ECF No. 304-3, 32.  Plaintiffs also include expenses for unidentified "online research," FedEx costs not linked to the service of any court filings, copying costs not linked to any court filings, and other vague entries.  Id.  Because the undersigned cannot confidently link any of plaintiffs' claimed expenses to their motion to compel, no expenses will be awarded.

## III. CONCLUSION

Plaintiffs are awarded $97,040.00, based on plaintiffs' reasonable hours expended in bringing their motion to compel (263.83 attorney hours and 62.66 paralegal hours) multiplied by

the appropriate Sacramento attorney and paralegal rates ($350 for attorneys and $75 for paralegals).

IT IS SO ORDERED.

DATED: June 8, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE