UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, an unincorporated association, and CONCERNED PARENTS ASSOCIATION, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, and DOES 1 through 5,<br><br>Defendant. | No. 2:11-CV-03471-KJM-AC<br><br>ORDER |

Three requests for reconsideration of the magistrate judge's August 17, 2016 rulings are before the court. *See* Aug. 17, 2016 Order ("MJ's Order"), ECF No. 229; Pls.' Req., ECF No. 236; Def.'s First Req., ECF No. 239, Def.'s Second Req., ECF No. 240. The court has already denied a portion of plaintiffs' request. March 12, 2017 Order, ECF No. 300. This order addresses the balance of the requests and, for the reasons discussed below, DENIES all of them.

I.  BACKGROUND

   A.  The Magistrate Judge's Order

On August 17, 2016, the magistrate judge issued an order addressing three of the parties' motions. *See generally* MJ's Order. For reasons explained in her order, the magistrate

1

1  judge denied defendant's motion for a protective order, *id.* at 2–7; granted in part and denied in
2  part defendant's motion to compel, *id.* at 7–14; and granted plaintiffs' motion for sanctions on a
3  limited basis and for a reduced amount, *id.* at 14–23.
4        Each set of parties asks for reconsideration of portions of the magistrate judge's
5  order, as the court explains below. *See* Pls.' Req.; Def.'s First Req.; Def.'s Second Req.
6  II.   STANDARD
7        Federal Rule of Civil Procedure 72(a) directs district judges to consider timely
8  objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set
9  aside any part of the order that is clearly erroneous or is contrary to law." *See also* Local Rule
10 303(f) & 28 U.S.C. § 636(b)(1)(A).  The "contrary to law" standard permits independent review
11 of purely legal determinations by a magistrate judge. *See, e.g.*, *Computer Economics, Inc. v.*
12 *Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing, *inter alia*, *Haines v. Liggett*
13 *Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).  The "clearly erroneous" standard applies to the
14 magistrate judge's factual determinations and discretionary decisions. *See Maisonville v. F2 Am.,*
15 *Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).  "A finding is 'clearly erroneous' when although there is
16 evidence to support it, the reviewing [body] on the entire evidence is left with the definite and
17 firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr.*
18 *Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States*
19 *Gypsum Co.*, 333 U.S. 364, 395 (1948)) (alteration in original).  "[R]eview under the 'clearly
20 erroneous' standard is significantly deferential[.]" *Id.* at 623.  "To succeed [on a motion for
21 reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the
22 court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB,
23 2011 WL 1087149, at *3 (E.D. Cal. Mar. 23, 2011).  Furthermore, when filing a motion for
24 reconsideration, a party must show "what new or different facts or circumstances are claimed to
25 exist which did not exist or were not shown upon such prior motion, or what other grounds exist
26 for the motion." Local Rule 230(j)(3).  "A motion for reconsideration 'may not be used to raise
27 arguments or present evidence for the first time when they could reasonably have been raised
28 earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

III.     DISCUSSION

    A.     Defendant's Motion to Compel

Each set of parties asks the court to reconsider portions of the magistrate judge's order granting in part defendant's motion to compel. *See* Pls.' Req. at 19–21; Def's First Req. The court briefly summarizes the magistrate judge's ruling on that motion.

        1.     The Magistrate Judge's Ruling

The magistrate judge granted in part defendant's motion to compel discovery regarding plaintiffs' members, including members' identities and the factual bases for members' allegations in the operative complaint. MJ's Order at 7–14. To determine whether to compel discovery, the magistrate judge looked to the two-part test articulated in *NAACP v. Alabama*, 357 U.S. 449 (1958). As the magistrate judge explained, under *NAACP*, the court first asks whether compelled disclosure would restrain a party's rights of association; if it does, the court next asks whether the information has a "substantial bearing" on the issues involved in the litigation to warrant disclosure. MJ's Order at 8–9 (citing *NAACP*, 357 U.S. at 462–66).

Applying *NAACP*'s first step, the magistrate judge found plaintiffs' declaration of Linda McNulty, the current president of plaintiff Concerned Parents Association, presented uncontroverted evidence that disclosure would restrain plaintiffs' rights of association. MJ's Order at 9 (citing McNulty Decl., ECF No. 221-1). Applying *NAACP*'s second step, the magistrate judge found defendant established a convincing need for the information. *Id.* at 10–11. As the magistrate judge explained, although the case is statewide, plaintiffs' complaint specifically alleged violations of the rights of seventeen individual students, and defendant "needs to know" the facts underlying those allegations in order to defend itself. *Id.* (citing First Am. Compl. ("FAC") Ex. A, ECF No. 6-1). The magistrate judge concluded disclosure was appropriate and turned to an issue the *NAACP* Court never reached: how to protect the association's rights in light of the disclosure. *Id.* Because of the "uncontroverted risk of retaliation by the LEAs [Local Education Agencies]," the magistrate judge ordered defendant,

"under pain of contempt, to ensure that LEAs do not retaliate against any disclosed plaintiff or school child." *Id.* at 12, 25. The magistrate judge next evaluated each discovery request in turn, largely granting the motions to compel regarding the seventeen students. *Id.* at 12–14.

2. Plaintiffs' Request for Reconsideration

Plaintiffs ask the court to reconsider the magistrate judge's order largely granting defendant's motion to compel. Pls.' Req. at 19–21. Plaintiffs argue (1) the magistrate judge wrongly concluded the discovery requests were limited to seventeen students rather than all of plaintiffs' members and (2) the magistrate judge misapplied *NAACP* when it concluded defendant's need for the information overcame plaintiffs' associational rights. *Id.*

a) The Scope of Defendant's Request

Plaintiffs' first argument is not supported by the record. The magistrate judge's decision to limit defendant's request to the seventeen students is consistent with the parties' colloquy at hearing. August 10, 2016 Hr'g Tr. at 23:21–24:16, ECF No. 231. And defendant does not move to reconsider the magistrate judge's interpretation that defendant limited its request at hearing to the seventeen students. MJ's Order at 12; *see also* Def.'s First Req. To the extent plaintiffs are concerned defendant may ultimately pursue information about additional members, they may rely on the magistrate judge's order granting defendant's request only as to this limited group of plaintiffs' members. MJ's Order at 12–14. Plaintiffs' first argument provides no basis for reconsideration.

b) Defendant's Need for the Information

Plaintiffs' second argument turns on the magistrate judge's balancing of plaintiffs' First Amendment associational rights with defendant's need for the information. To review this ruling, the court first examines the Ninth Circuit's interpretation of *NAACP* and its progeny.

In the Ninth Circuit, plaintiffs' claim of a First Amendment privilege is reviewed in a two-part framework. *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160–61 (9th Cir. 2010). The party asserting the privilege must demonstrate a prima facie case of First Amendment infringement; to do this, the party must show compelling disclosure would lead to harassment, membership withdrawal, discouragement of new members, or some other form of "chilling" of

4

1   associational rights. *Id.* at 1160 (citing *Brock v. Local 375, Plumbers Int'l Union of Am.*, 860
2   F.2d 346, 349–50 (9th Cir. 1988)).

3         If the party asserting the privilege establishes a prima facie case, the evidentiary
4   burden shifts to the party seeking disclosure to demonstrate the information sought is "rationally
5   related to a compelling governmental interest" and the "least restrictive means" of obtaining the
6   desired information. *Id.* at 1161 (internal quotations omitted) (citing *Brock*, 860 F.2d at 50; *Dole*
7   *v. Serv. Emps. Union, AFL–CIO, Local 280*, 950 F.2d 1456, 1459–61 (9th Cir. 1991)).  This
8   second step is "meant to make discovery that impacts First Amendment associational rights
9   available only after careful consideration of the need for such discovery, but not necessarily to
10  preclude it.  The question is therefore whether the party seeking the discovery 'has demonstrated
11  an interest in obtaining the disclosures it seeks . . . which is sufficient to justify the deterrent
12  effect . . . on the free exercise . . . of [the] constitutionally protected right of association.'" *Id.*
13  (alterations in original) (quoting *NAACP*, 357 U.S. at 463).  To determine whether the interest in
14  disclosure outweighs the harm, a court may consider the importance of the litigation, the
15  centrality of the information sought to the issues in the case, the existence of less intrusive means
16  of obtaining the information, and the substantiality of the First Amendment interests at stake. *Id.*
17  (citing *Buckley v. Valeo*, 424 U.S. 1, 71 (1976); *NAACP*, 357 U.S. at 464–65; *Dole*, 950 F.2d at
18  1461; *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987); *Black Panther Party v.*
19  *Smith*, 661 F.2d 1243, 1268 (D.C. Cir. 1981)).

20        Here, the magistrate judge first found disclosure of children's and parents' names
21  would operate as a restraint on plaintiffs' rights of association.  MJ's Order at 9.  For reasons
22  discussed below, the magistrate judge's finding of uncontroverted evidence of retaliation was not
23  clearly erroneous. *See id.* (citing McNulty Decl.).  That evidence describes how LEAs have
24  retaliated against parents for advocating on behalf of their children and how school district
25  personnel have harassed, threatened, or pressured plaintiffs' member parents involved in this suit.
26  McNulty Decl. ¶¶ 3–4.  Because this evidence shows how compelling disclosure would "chill"
27  plaintiffs' associational rights, the magistrate judge's conclusion that plaintiffs established a
28

5

1    prima facie case of First Amendment infringement was also not clearly erroneous.  *Perry*, 591
2    F.3d at 1160.
3           Next, the magistrate judge looked to defendant's interest in the information, which
4    the magistrate judge found "convincing."  MJ's Order at 10.  Although the magistrate judge did
5    not use *Buckley v. Valeo*'s language of "rationally related to a compelling governmental interest,"
6    defendant nonetheless satisfied this standard.  A court may look to several factors to evaluate
7    defendant's interest in requested information, including "the centrality of the information sought
8    to the issues in the case."  *Perry*, 591 F.3d at 1160 (citing *NAACP*, 357 U.S. at 464–65;
9    *Grandbouche*, 825 F.2d at 1466; *Black Panther Party*, 661 F.2d at 1268)).  As the *Black Panther*
10   *Party* court explained, "[t]he interest in disclosure will be relatively weak unless the information
11   goes to 'the heart of the matter,' that is, unless it is crucial to the party's case."  661 F.2d at 1268.
12   Here, the magistrate judge concluded information about the seventeen students was central to
13   defendant's defense.  MJ's Order at 10–11 (citations omitted).  Plaintiffs specifically alleged
14   violations of the rights of seventeen individual students in their complaint and alleged the
15   violations were "reflective of the experiences of far too many of the children in California's
16   special educational population."  FAC ¶ 22; *id.* Ex. A.  Given these allegations, defendant is
17   entitled to information about these seventeen students so that it can assess plaintiffs' claims and
18   whether defendant has a basis to respond by arguing the alleged conduct was lawful or did not
19   occur, or defend itself on some other basis.  The magistrate judge did not err when she concluded
20   defendant's interest in the information warranted limited disclosure as to the seventeen students.
21          The court DENIES plaintiffs' request for reconsideration of the magistrate judge's
22   order granting in part defendant's motion to compel.
23                  3.      Defendant's Request for Reconsideration
24          Defendant asks the court to reconsider the portion of the magistrate judge's order
25   requiring defendant to ensure LEAs do not retaliate against identified plaintiff members or their
26   children.  *See* Def.'s First Req.  Defendant argues (1) the evidence of retaliation is controverted
27   and (2) the order is impermissibly vague because defendant does not control LEAs.  *Id.*
28

As to defendant's first argument, as noted above, the evidence supports plaintiffs' assertions of retaliation. *See* McNulty Decl. ¶¶ 2–5. Defendant does not point to any evidence that controverts the assertions. *See* Def.'s First Req. Based on the record, which was before the magistrate judge, her finding that plaintiffs identified an "uncontroverted risk of retaliation by the LEAs" was not clearly erroneous. Defendant argues it sought the very discovery it needed to controvert McNulty's declaration. But that argument does not alter the reasonableness of the magistrate judge's ruling given the record before the court. If defendant later discovers "new or different facts or circumstances" that may alter this conclusion, it may be able to seek reconsideration at that time. Local Rule 230(j)(3).

As to defendant's second argument, a central issue in this case is the extent to which defendant exerts control over LEAs. *See generally* FAC. Plaintiffs focus on defendant's responsibility to provide a "free appropriate public education" ("FAPE") or ensure that LEAs provide it. FAC at 1–2. But the complaint also alleges systematic failures in defendant's monitoring of LEAs' provision of FAPE, and incorporates allegations that an LEA retaliated against plaintiff parents for advocating to ensure their child received a FAPE. *See id.* at 2–4; *id.* Ex. A at 1–2. Defendant's role in LEAs' FAPE-related retaliation is at issue in this case.

While the parties appear to agree defendant exerts limited control over LEAs' retaliation, Def.'s First Req. at 3; Pl.'s Req. at 15, the magistrate judge was not clearly erroneous in taking steps to protect plaintiffs' associational rights and to carefully tailor the order to defendant's interest in the information. Defendant acknowledges steps it can take to ensure LEAs do not retaliate against disclosed students and their families. Def.'s First Req. at 2. Any subsequent contempt proceeding will turn on defendant's own role in the retaliation. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628–30 (9th Cir. 2016) (explaining the court's contempt powers may be used to coerce the defendant or compensate or punish for defendant's conduct). Given the issues in this case, and defendant's own potential role in contributing to or preventing them, the magistrate judge's ruling was not clearly erroneous.

The court DENIES defendant's first request for reconsideration.

7

B.     Plaintiffs' Motion for Sanctions

Plaintiffs next ask the court to reconsider the magistrate judge's order granting plaintiffs' motion for sanctions for a reduced amount. Pls.' Req. at 21–24. The magistrate judge granted plaintiffs' request for reasonable attorneys' fees incurred in connection with a prior motion to compel under Federal Rule of Civil Procedure 37(a)(5). MJ's Order at 17–24; *see also* Jan. 1, 2016 Order ("MJ's Discovery Order"), ECF No. 150. But in apportioning fees under Rule 37(a)(5)(C), the magistrate judge limited the amount of recoverable fees for two reasons that plaintiffs challenge here: first, by concluding plaintiffs prevailed on about half of their motion to compel and, second, by concluding defendant was "substantially justified" in making about half of its objections to the requested discovery. MJ's Order at 20–21; *id.* at 17. On this basis, the magistrate judge reduced plaintiffs' request to one quarter (half of half) of the $622,515.85 attributable to the motion to compel, or $155,628.96. *Id.* at 21.[1]

The parties do not point to any binding authority, and the court is aware of none, that prescribes how a court must "apportion" fees under Rule 37(a)(5)(C). The rule expressly makes apportionment discretionary when the motion to compel is granted in part. Fed. R. Civ. P. 37(a)(5)(C) (court "may" apportion reasonable expenses). Another portion of the rule, which bears on 37(a)(5)(C), prohibits shifting fees even for a fully granted motion where "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A); *see also Merritt v. Intl. Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) (citing prior version of Rule 37(a)(5)(C), which permitted apportionment "in a just manner"). The rule thus confers substantial discretion on a court to determine how to apportion expenses, as the parties' cited cases show. *Compare Nalco Chem. Co. v. Hydro Techs., Inc.*, 148 F.R.D. 608, 617 (E.D. Wis. 1993) (where motion to compel was granted in part, ordering parties to bear their own costs and fees) *with Aevoe Corp. v. AE Tech Co., Ltd.*, 2:12-CV-00053-GMN, 2013 WL 5324787, at *3 (D. Nev. Sept. 20, 2013) (where motion to compel was granted in significant part, shifting 90 percent

---

[1] The court has already denied plaintiffs' request to reconsider the magistrate judge's use of Sacramento, rather than San Francisco, rates to determine the "prevailing rate" in this case. *See* ECF No. 300.

8

1  of fees) *and E-Pass Techs., Inc. v. 3Com, Inc.*, C-00-2255 DLJ (EDL), 2008 WL 2899719, at *1

2  (N.D. Cal. July 22, 2008) (where motion to compel was granted in large part, shifting 90 percent

3  of fees based on other party's "particularly meritless" and abandoned objections). Instead of

4  supporting a rigid formula, these cases stand for the proposition that courts aim to roughly

5  approximate the movant's level of success in apportioning fees. *See Nalco Chem.*, 148 F.R.D. at

6  617; *Aevoe Corp.*, 2013 WL 5324787, at *3; *E-Pass*, 2008 WL 2899719, at *1.

7  　　　　　The question then becomes whether the magistrate judge's exercise of discretion in

8  apportioning fees was clearly erroneous. It was not. The magistrate judge first concluded

9  plaintiffs prevailed in "approximately half" of their motion. MJ's Order at 21. In her prior order,

10  the magistrate judge denied in full eight of plaintiffs' sixty-three discovery requests and denied in

11  part one more. *See* MJ's Discovery Order at 13, ¶ 4. The magistrate judge further denied in part

12  all remaining requests to the extent they sought documents "relating to"[2] other matters, although

13  she permitted plaintiffs' requests for documents "constituting" or "describing" other matters. *Id.*

14  ¶ 3. Given plaintiffs' mixed success, it was not clear error to conclude plaintiffs prevailed on

15  about half[3] of their motion.

16  　　　　　The magistrate judge next concluded defendant was "substantially justified" in

17  making about half of its objections. MJ's Order at 21; *id.* at 17–18. A request for discovery is

18  "substantially justified" under Rule 37 if "reasonable people could differ on the matter in

19  dispute." *United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006)

20  (citing *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982)). Here, the

21  magistrate judge concluded two of defendant's objections were not substantially justified:

---

[2] Plaintiffs argue their repeated requested for documents "constituting, describing or relating to" various matters were effectively granted in full because "constituting and describing" fully encompasses "relating to." Pls.' Req. at 21. The magistrate judge specifically explained why "relating to" could reach documents that "describing" could not. MJ's Order at 9. Plaintiffs do not seek reconsideration of that portion of the magistrate judge's ruling distinguishing these terms, so they may not now argue the terms are effectively the same to manufacture a higher success rate than they achieved below.

[3] Assuming the magistrate judge's "relating to" determination effectively granted plaintiffs only two thirds of each of the remaining requests, plaintiffs could be credited for no more than 59 percent [(56 * 2/3) / 63] of their overall request.

(1) defendant's objections ignoring this court's prior orders, and (2) defendant's refusals to produce documents where it lacked any articulable objection to production. MJ's Order at 18; *see also* MJ's Discovery Order at 6–7. But the magistrate judge concluded several more of defendant's objections were substantially justified even if overruled, including objections involving privilege, discovery about non-disabled children, budgeting information, and state commission reports. MJ's Order at 17–18. Given these findings, which plaintiffs do not challenge, the magistrate judge did not commit clear error by concluding "defendant was substantially justified for about half of its objections." *Id.* at 21.

In sum, the magistrate judge did not commit clear error by finding plaintiffs were successful on half of their motion and that half of defendant's objections were substantially justified. Accordingly, there is no basis to reconsider the magistrate judge's relying on one half of one half of plaintiffs' request in awarding sanctions. The court DENIES plaintiffs' request for reconsideration as to this ruling.

C.     Defendant's Motion for Protective Order

Defendant asks the court to reconsider the magistrate judge's order denying defendant's motion for protective order. *See* Def.'s Second Req. The magistrate judge initially denied the motion on the dual grounds that defendant did not specifically address what discovery it seeks protection from and that defendant failed to meaningfully meet and confer before filing its motion. MJ's Order at 2–4. The magistrate judge also cautioned defendant on the lack of merit regarding its requests seeking to relitigate this court's prior orders. *Id.* at 4–6. Based on the denial of defendant's motion, the magistrate judge then granted plaintiffs' full request for attorneys' fees in connection with the motion. *Id.* at 6–7.

Defendant seeks reconsideration of each part of the magistrate judge's ruling. Defendant's failure to meet and confer alone supports denial of defendant's motion. The local rules and the standing orders in this case all require parties to meet and confer prior to filing a discovery motion. *See* Local Rule 251(b); Civil Standing Order for Judge Mueller, ECF No. 4-1; Standard Information for Judge Claire. Similarly, Federal Rule of Civil Procedure 26(c)(1), under which defendant brought the underlying motion for a protective order, requires certification


of good faith meet and confer "in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).  Moreover, in a prior order the magistrate judge ordered the parties to meet and confer before filing any discovery motion under Rules 26 through 37 and 45.  ECF No. 134 at 2.  In that order, the magistrate judge also expressly referenced her standard procedures and reiterated the meet-and-confer requirement as a meaningful one.  *Id.* at 2–3.  Nonetheless, defendant's motion here inexplicably was filed after a two-minute phone call in which defense counsel merely demanded plaintiffs limit their discovery.  Joint Statement at 3, ECF No. 218.  As the magistrate judge explained here, "[t]hat is not what is meant by 'meet and confer' . . . . Counsel's simply stating that they are going to file a motion, and demanding that the opposing party do what the motion requests, is not an attempt to resolve the dispute short of court action." MJ's Order at 4.  Neither the magistrate judge's insistence that the parties meaningfully meet and confer to comply with clearly articulated rules, nor her finding that defendant failed to do so in this instance, were clearly erroneous.  The court DENIES reconsideration of the magistrate judge's order denying defendant's motion to compel.

One final issue remains: whether the magistrate judge, having denied defendant's motion for a protective order, erred by granting plaintiffs' attorneys' fees tied to litigating the motion.  She did not.  Under Rule 37(a)(5), a court "must," after giving an opportunity to be heard, award reasonable expenses and fees incurring in litigating a motion that it either grants or denies in full.  Fed. R. Civ. P. 37(a)(5)(A)–(B); *see also* Fed. R. Civ. P. 26(c)(3) (expressly incorporating Rule 37(a)(5) as to protective orders).  Plaintiffs here requested $10,425 in fees for past work at the rate of $695 per hour for 15 hours.  Joint Statement at 20.  Because defendant did not challenge plaintiffs' fees, the magistrate judge granted the request in full.  MJ's Order at 7.  Defendant's quibble that it did not have an opportunity to oppose plaintiffs' request is without merit.  Plaintiffs, like defendant, asked for mandatory fees incurred in litigating the motion for protective order.  *See* Joint Statement at 19–20.  The joint statement detailed each party's request for fees.  *Id.*  As defense counsel concedes, he reviewed this request before the joint statement was filed.  Lien Decl. ¶¶ 2–3, ECF No. 240-1.  Even if a joint statement by its nature precluded defendant's reply, defense counsel could have addressed any outstanding issues at hearing on the

1  motion. When given the chance, defense counsel rested on the arguments in the joint statement.
2  August 10, 2016 Hr'g Tr. at 18:7–9 ("COURT: Is there anything else defendants want to say in
3  support of their motion for a protective order? MR. LIEN: We'll rest on our pleadings, Your
4  Honor."). Although it was inconsistent for the magistrate judge to accept the same San Francisco
5  rates she rejected in another portion of the order, MJ's Order at 22, it was not clearly erroneous to
6  accept plaintiffs' request given defendant's non-opposition. In sum, because the magistrate judge
7  "must" grant fees in this situation, and because defendant did not challenge plaintiffs' calculation
8  of fees when given the opportunity, the magistrate judge did not commit clear error when she
9  granted plaintiffs' request in full.

The court DENIES defendant's second request for reconsideration.

IV.   CONCLUSION

The court DENIES plaintiffs' request for reconsideration.  ECF No. 236.

The court DENIES defendant's first request for reconsideration.  ECF No. 239.

The court DENIES defendant's second request for reconsideration.  ECF No. 240.

This order resolves ECF Nos. 236, 239–40.

IT IS SO ORDERED.

DATED: July 20, 2017.

_____
UNITED STATES DISTRICT JUDGE