UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>Defendant. | No. 2:11-cv-03471-KJM-AC<br><br><br>ORDER |

This matter is before the court on plaintiffs' motion for discovery. ECF No. 324. Defendant filed an opposition (ECF No. 327), and plaintiffs filed a reply (ECF No. 328). A hearing was held before the undersigned on September 6, 2017. ECF No. 329. Based on the hearing and a review of all papers filed, the court GRANTS plaintiffs' motion and overrules all of defendant's assertions of deliberative process privilege contained in its privilege logs. Defendant is ORDERED to turn over all documents withheld exclusively on the basis of deliberative process privilege to plaintiffs within ten (10) days of this order. Because plaintiffs brought a meritorious motion to compel, the court GRANTS their request for attorneys' fees, but at a reduced amount. The court awards plaintiffs' attorney's fees in the amount of $38,622.50, to be paid within 10 days of this order.

////

1

**I.      Introduction**

Plaintiffs – two associations of parents of children with disabilities – allege that defendant is violating the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400, *et seq.*, through its systemic failure to provide a "free appropriate public education" ("FAPE") to children with disabilities. Pending before the undersigned is plaintiffs' motion to compel discovery. ECF No. 324. Plaintiffs request (1) the production of documents that defendant has claimed are protected by deliberative process privilege, and (2) attorney's fees and costs. Id.

**II.      Relevant Background**

The parties in this matter have been engaged in numerous discovery disputes over the five and three-quarters years that this case has been active. See, e.g., ECF Nos. 64, 90, 129, 186, 265, 273. Most pertinent to the issue presented here is this court's February 2, 2017 order that specifically addressed the issue of privilege logs. ECF No. 287. In that order, the court found that defendant's privilege log failed to comply with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(5)(A) because the log did not contain sufficient information to convey the content of the allegedly privileged material such that plaintiffs and the court could make a reasonable evaluation regarding the claim of privilege. Id. at 16-17. In the February 2017 order, the court declined to find a blanket waiver of privilege, but gave defendant 30 days to produce an adequate privilege log with the warning that it was defendant's "final chance to produce adequate privilege logs, and any assertions of privilege that are incapable of determination will be overruled once and for all" in the event of additional delay or further inadequacy. Id. at 19.

Plaintiffs claim they received defendant's amended privilege log on or about March 6, 2017. ECF No. 324 at 3. No declarations to support claims of deliberative process privilege were included in this submission. Id. at 3-4. Plaintiffs allege that the March 2017 log contained significant deficiencies, prompting plaintiffs to write a letter to defense counsel on May 8, 2017. Id. at 4. Plaintiffs sent a follow up letter on May 30, 2017. Id. On June 1, 2017, plaintiffs allege they received an e-mail from defendant stating its belief that declarations are not necessary to support claims of deliberative process privilege. Id. On June 2, 2017, plaintiffs sent a letter of disagreement and stated the intent to file a motion to compel production of documents withheld

2

under the deliberative process privilege. Id. On June 9, 2017, defense counsel contacted plaintiffs to arrange a telephonic meet and confer conference in early July. Id. at 5.

Before the meet and confer, defendant alleges it undertook a review of documents withheld solely on the grounds of deliberative process privilege (not inclusive of documents withheld on multiple grounds including deliberative process privilege). ECF No. 327 at 2. Following that process, defendant produced an additional 30 documents to plaintiffs' counsel on June 15. Id. at 3. Shortly before the parties' scheduled meet and confer conference on July 7, 2017, defendant sent three declarations of individuals employed by defendant seeking to justify the withholding of three groups of documents pursuant to deliberative process privilege (addressing 172 out of 600 withheld documents). ECF No. 324 at 5. Plaintiffs assert that the documents as referenced in the declarations use a different naming protocol than is used in the privilege log. Id. at 5. Plaintiffs' counsel wrote defendant on July 7, 2017 regarding the mismatch in labeling, but alleges she did not receive a response. Id. at 6. Defendant alleges that on July 17, plaintiffs told defendant that none of its efforts were sufficient to obviate the need for a motion to compel. ECF No. 327-2 at 4.

### III. Motion

Plaintiffs filed the pending motion to compel on August 9, 2017. ECF No. 324. Defendant filed its opposition on August 23, 2017. ECF No. 327. Plaintiffs replied on August 30, 2017. ECF No. 328. A hearing will be held on September 6, 2017.

Plaintiffs contend that defendant's assertions of the deliberative process privilege in its privilege log are incomplete and not properly presented, and that defendant has now waived this privilege claim for three reasons: (1) the log is untimely; (2) defendant failed to include foundational declarations to support deliberative process privilege; and (3) the privilege log is not compliant with this court's February 2, 2017 order. ECF No. 324-1 at 6-7.

Substantively, plaintiffs claim that defendant's log is insufficient because (a) the log entries lack sufficient detail to allow for proper evaluation of the documents' deliberative or pre-decisional nature; (b) the log entries indicate the documents are about the impact of legislation on defendant and therefore those documents are not about the formulation of policy, and are not

covered by deliberative process privilege; (c) defendant failed to provide foundational declarations to support the privilege claims, as required by deliberative process privilege; (e) the privilege only protects decision makers, and some of the people involved in the claimed documents are not decision makers; and (f) the privilege is narrowly construed, and plaintiff's claims do not fall within it. ECF No. 324-1 at 8-10.

Plaintiffs further assert that even if deliberative process privilege were properly presented, the balancing test associated with deliberative process privilege should cause the court to overrule the claim of privilege. Finally, plaintiffs assert that even if the deliberative process privilege was properly presented, deliberative process privilege cannot apply when the plaintiffs' claim goes directly to the decisional process, as plaintiff alleges is the case here. Id. at 9-10.

Plaintiffs argue they should receive attorney's fees and costs for having to bring a motion to compel as a result of defendant's noncompliance. Plaintiffs claim to have spent 185.91 hours in preparation of their motion to compel. ECF No. 324-1 at 32. Defendant claims plaintiffs' claimed costs and hours spent are unreasonable, that its actions are substantially justified, and that an award of fees would be unjust. ECF No. 327 at 20-24.

## IV. Analysis/Summary of the Evidence

A. Deliberative Process Privilege

"The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions,' by protecting open and frank discussion among those who make them within the Government[.]" Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8–9 (2001) (internal citations omitted). Deliberative process privilege "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated[.]" Id. (internal citations omitted). "[P]roper invocation of the privilege requires: (1) a formal claim of privilege by the head of the department possessing control over the requested information, (2) an assertion of the privilege based on actual personal consideration by that official, and (3) a detailed specification of the information for which the privilege is claimed,

along with an explanation why it properly falls within the scope of the privilege." Coleman v. Schwarzenegger, No. C01-1351 TEH, 2008 WL 2237046, at *4 (E.D. Cal. May 29, 2008) (internal citations omitted).

To qualify under the deliberative process privilege, a "document must be both (1) "predecisional" or "antecedent to the adoption of agency policy" and (2) "deliberative," meaning "it must actually be related to the process by which policies are formulated." Nat'l Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114, 1117 (9th Cir. 1988) (internal citations omitted). A document is "predecisional" if it is "prepared in order to assist an agency decisionmaker in arriving at his decision and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Assembly of State of Cal. v. U.S. Dep't of Commerce, 968 F.2d 916, 920 (9th Cir. 1992), as amended on denial of reh'g (Sept. 17, 1992) (internal citations omitted). The predecisional document is also deliberative "if the disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Id. (internal citations omitted). The central inquiry is "whether revealing the information exposes the deliberative process." Id. at 921.

B. Requirements of a Privilege Log

As this court has already stated in its February 2017 order, the descriptions of allegedly privileged documents in a privilege log must "enable other parties to assess the applicability of the privilege or protection." Rule 26(b)(5), ECF No. 287 at 17. The Ninth Circuit has made clear that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005).

In general, Rule 34's 30-day time limit applies to the production of a privilege log. However, there is no per se waiver if the 30-day limit is violated:

> Instead, using the 30–day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: the degree to which the objection or

>assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discover unusually easy (such as, here, the fact that many of the same documents were the subject discovery in an earlier action) or unusually hard.

Id. at 1149.

C. Failure to Comply with Privilege Log Requirements

Defendant's claims of deliberative process privilege in its privilege log are legally insufficient and are OVERRULED. The court declines to reach the issue of whether declarations to support the assertion of deliberative process privilege are necessary because the deliberative process privilege claims asserted in defendant's privilege log do not withstand scrutiny on their face. The court reviewed the annotated privilege log filed by plaintiffs, and found defendant's deliberative process claims to be both lacking and suspect. ECF No. 326 (sealed). For example, defendant claims deliberative process privilege with respect to emails that do not meet the "deliberative" prong of the privilege, such as e-mails addressing the "impact" of the implementation of legislation. See, e.g., Id. at 10, Rows 24, 23. These documents, based on defendant's own description of them, are not "related to the process by which policies are formulated." Nat'l Wildlife Fed'n, 861 F.2d at 1117. Nor are these documents "predecisional" – they are not "prepared in order to assist an agency decisionmaker in arriving at his decision." Id. at 921. To the extent defendant, at the hearing on this matter, asserted that the "impact"-based privilege claims referred to determining agency policy based on newly passed legislation, such an assertion is too little too late. It is not clear in the privilege log that the "impact"-based claims related directly to agency policy implementation, and as this court has said before, the privilege log itself must be clear on its face.

Other documents allegedly covered by the deliberative process privilege are described in such vague terms that it is impossible for plaintiffs or the court to determine whether the privilege

actually applies.  See, e.g. ECF No. 326 (sealed) at 38, rows 133-135, 152, row 604.  And still other documents contain communications with third parties.  See e,g., Id. at 442, rows 1663-1665. Communications including third parties are inherently not aimed at the goal of protecting "candid discussion *within* the agency" and are therefore not "deliberative."  Assembly of State of Cal., 968 F.2d at 920 (9th Cir. 1992) (emphasis added).  The court understands defendant's contention that some or all of the external communications involved consultants, however, it was defendant's obligation to make it clear in their privilege log, in the first instance, who the third parties were to demonstrate that the deliberative process privilege was still applicable.  They did not, and therefore the privilege claim cannot survive.

As the Ninth Circuit famously stated, "much ink has been spilled on the costs of abuse of the discovery process," and that is most certainly the case here.  Burlington N. & Santa Fe Ry. Co, 408 F.3d at 1148.  This court's February 2017 order required defendant, in no uncertain terms, to provide a privilege log that, in and of itself, provides all the information the plaintiffs and the court need to assess the assertions of privilege.  ECF No. 287 at 18.  Defendant was cautioned that the February order was its "final chance to produce adequate privilege logs, and any assertions of privilege that are incapable of determination will be overruled once and for all" if defendant again failed to produce an adequate log.  Id.  For the reasons discussed above, defendant's privilege log is inadequate with respect to its claims of deliberative process privilege. Accordingly, defendant's claims of deliberative process privilege are OVERRULED, and all of the documents that defendant has withheld solely on the basis of deliberative process privilege must be turned over to plaintiff within 10 days of this court's order.

D.  Attorney's Fees and Costs

Because plaintiffs' motion to compel is meritorious, an award of fees and costs is appropriate pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and E.D. Cal. R. ("Local Rule") 230.  The appropriate method for computing fees in this case is the lodestar approach, in which the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate.  Cunningham v. Cty. of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988). "The measure to be used 'is not actual expenses and fees but those the court determines to be

7

reasonable.'" Matter of Yagman, 796 F.2d 1165, 1184–85 (9th Cir.1986). The court has already set the fee rate for this case at $350 per hour for attorneys and $75 per hour for paralegals, and the court will not reconsider these rates. ECF No. 312 at 7. Only the hours billed and costs claimed are disputed.

Plaintiffs allege that they have spent a total of 183.9 attorney hours and 2.10 paralegal hours in preparation of their motion to compel. As this court previously stated, Fed. R. Civ. P. 37(a)(5)(A) does not entitle plaintiff to recover fees for all efforts on discovery; the Rule only allows only for recovery of fees and expenses "incurred *in making the motion*[.]" (emphasis added). Many of plaintiffs' claimed hours relate back to general research on deliberative process privilege (see, e.g., 4.9 hours and 3 hours on 5/3/17, 1.75 hours on 5/8/17., 4.5 hours on 5/9/17, 275 hours on 5/25/17, .6 hours and 3.75 hours on 6/1/17) and the parties' meet and confer efforts (see, e.g., 3.85 hours on 5/4/17, 2.25 hours on 5/8/17, 5.75 hours on 6/2/17, 2.0 hours on 6/8/17, .7 hours on 6/9/17). ECF No. 324-3. These hours, which took place early in the meet and confer process, were not incurred "in making the motion" and thus are not recoverable. The court understands plaintiffs' concern that failing to award fees for the meet and confer process may encourage defendants to unnecessarily drag out the meet and confer process without any real intention of good faith compromise. The court is not creating a hard and fast rule regarding fees for the meet and confer process; hours claimed for any subsequent discovery motion will be independently reviewed and awarded based on the circumstances presented. Having reviewed plaintiffs' billing declaration line by line, in this instance, the court finds plaintiffs have no recoverable paralegal hours and 110.35 recoverable attorney hours, for a total of $38,622.50 in recoverable attorney's fees to be awarded.

Plaintiffs are not entitled to recover any costs. While costs are recoverable under Fed. R. Civ. P. 37(a)(5)(A), plaintiffs have submitted a cost list that is too vague to be clearly linked to their motion to compel. Plaintiffs' accounting of costs consists of two line items, both labeled as unidentified "Research Online Legal Databases." ECF No. 324-3 at 103. The court has previously instructed plaintiffs that such non-specific research costs are not recoverable. ECF

No. 312 at 6. Again, because the undersigned cannot confidently link any of plaintiffs' claimed costs to the motion to compel, no costs will be awarded.

### V. Conclusion

For the reasons explained above, it is hereby ordered as follows:

a. Plaintiffs' motion for discovery and to compel the production of documents withheld under the deliberative process privilege (ECF No. 324) is GRANTED;

b. Defendant's claims of deliberative process privilege are OVERRULED and defendant is ORDERED to turn over all documents withheld solely on the basis of deliberative process privilege within 10 days of this order;

c. Defendant is ORDERED to pay plaintiff $38,622.50 in attorney's fees within 10 days of the order.

IT IS SO ORDERED.

DATED: September 18, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE