UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOC., CONCERNED PARENTS ASSOC.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>Defendant. | No. 2:11-cv-3471 KJM AC<br><br>ORDER TO SHOW CAUSE |

Plaintiffs in the above-captioned action claim that defendant California Department of Education (CDE) is violating its obligations under the Individuals with Disabilities Education Act (IDEA) and Section 504 of the Rehabilitation Act to ensure that all children with disabilities in California receive a "free appropriate public education," otherwise known as a FAPE. First Am. Compl., ECF No. 6, at 1-2. Plaintiffs have alleged that CDE is failing to adequately monitor, investigate or enforce the provision of FAPE in local school districts. ECF No. 6 at 2.

It has come to the court's attention that CDE is implementing a statewide Corrective Action Plan (CAP) concerning its statewide IDEA monitoring obligations under the supervision of the United States District Court for the Northern District of California. *See* ECF

No. 2330 in *Emma C. v. Torlakson*, Case No. 3:96-cv-4179 (VC); *see also* Order filed Dec. 8, 2016 in *Emma C. v. Delaine Eastin, et al.,* Ninth Circuit Court of Appeals No. 14-16479, and *Emma C. v. State Board of Education*, Ninth Circuit Court of Appeals No. 14-16557 3:96-cv-04179 VC, slip op. at 5-6. The plaintiffs in this action seek declaratory and injunctive relief requiring CDE to adopt and implement "a statewide monitoring, investigative and enforcement model that verifiably measures and ensures the provision of FAPE . . ." ECF No. 6 at 4.

The remedial proceedings in *Emma C*. raise the possibility of substantial duplication of effort by this court. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In addition, 28 U.S.C. § 1404(a) authorizes transfer of civil actions "[f]or the convenience of parties and witnesses, in the interest of justice . . . .", and both this court and the United States District Court for the Northern District of California have Local Rules governing Related Cases designed to avoid duplication of judicial effort and conflicting results. *See* L.R. 123 (E.D. Cal.); Civil L.R. 3-12 (N.D. Cal.).

Good cause appearing, IT IS HEREBY ORDERED that within twenty-one days from the date of this order the parties shall show cause in writing, if any they have, why this action should not be stayed pending completion of the remedial proceedings in *Emma C.* or, in the alternative, why this action should not be transferred to the United States District Court for the Northern District of California for possible relation to *Emma C.* in accordance with the applicable Local Rule.

DATED: November 21, 2017.

                                            UNITED STATES DISTRICT JUDGE