UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOC., CONCERNED PARENTS ASSOC.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>Defendant. | No. 2:11-cv-3471 KJM AC<br><br>ORDER |

On June 6, 2018, this court transferred this case to the United States District Court for the Northern District of California. Transfer Order, ECF No. 368. As explained in the Transfer Order, the court continues to securely store objections received in response to a 2016 Family Education Rights and Privacy Act of 1974 (FERPA) notice. *Id.* 10-11. The court permitted "any party [to] show cause within 14 days . . . why the court may not destroy the objections now." *Id.* at 11.

The court received only one response, filed by defendant, California Department of Education (CDE). Obj., ECF No. 370. CDE does not dispute the court's analysis of FERPA's requirements or identify any authority requiring the court to maintain the objections or transfer them as well. Rather, without citation to authority, CDE's two-page filing argues against destruction of the objections for three reasons: (1) parents and students who filed objections "should be given notice of, and an opportunity to object to, any contemplated destruction of their

FERPA objections . . .. particularly [because] . . . many of these parents and students thought that their FERPA objections meant that their student's records would be exempt from disclosure to Plaintiffs"; (2) the transferee court "may be interested in reviewing and considering the objections as [it] presides over this case going forward"; and (3) destruction "is premature" because plaintiffs have not established a court-approved, secure environment for documents containing personally identifiable information. *Id.* at 1-2.

The court is not persuaded. First, CDE identifies no authority requiring the court to notify objectors of its intent to destroy FERPA objections, but the court nonetheless has provided a form of notice in its publicly available Transfer Order. Transfer Order at 10-11 (stating the court intends to destroy FERPA objections unless any party shows cause why the court may not do so). No parent or student has objected to the court's stated intent to destroy the objections, and CDE does not contend it has received any such objections or taken any steps to determine whether parents would object. Second, the court has resolved the objections, and CDE does not explain why special notice is required to destroy objections no longer at issue in this case. *See* ECF No. 164 at 5-7 (construing objections collectively and refining the existing E-discovery Protocol to address the objectors' concerns). Third, that some objectors may be under the false impression "that their FERPA objections meant that their student's records would be exempt from disclosure" is largely a problem of the parties' own making and is unreasonable considering the court's express findings. *See id.* at 5 (order concluding "at least some of the objection forms the court has received have been completed based on the incomplete or misleading messages that have been conveyed about the FERPA notice, its purpose, and its context within this litigation."); *id.* at 4 ("Even though notice is required, with the opportunity to object, consent of those persons whose information is contained in databases is not required where, as here, disclosure is court-ordered and subject to a protective order.") (citations omitted); ECF No. 167 at 12:16-18 (March 9, 2016 hearing transcript noting that the objection forms "aren't opt-out forms"). Simply put, CDE has not shown special broader notification is required here.

/////

The contention that the Northern District judge may wish to review the objections is at best speculative.  CDE does not contend the judge has expressed any such wish, and considering the objections have been resolved, there is no basis for their remaining at issue as the case proceeds.  Moreover, absent invitation, this court declines to obligate another court to devote scarce public resources to securely storing or otherwise preserving innumerable resolved objections whose substance is otherwise clear from the record.

Finally, CDE's argument that destroying the objections would be premature because plaintiffs have not established a secure environment for reviewing student information is perplexing.  The objections were resolved in part by imposing an obligation on plaintiffs to establish a secure environment.  That obligation remains in force.  Without any elaboration on CDE's point, the court cannot further discern its meaning.

CDE has not identified any authority requiring the continued use of the court's resources to securely store FERPA objections.  With no basis to conclude destruction of the resolved objections is improper, the court ORDERS the Clerk of Court to destroy the objections beginning no sooner than 14 days after the filed date of this order.

IT IS SO ORDERED.

DATED:  August 1, 2018.

_____
UNITED STATES DISTRICT JUDGE