UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, an unincorporated association, and CONCERNED PARENTS ASSOCIATION, an unincorporated association,<br>     Plaintiffs,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, and DOES 1 through 5,<br>     Defendants. | No. 2:11-cv-03471-KJM-AC<br><br><br>ORDER |

  This matter is before the undersigned for the adjudication of the payments owed to Special Master Winston Krone for services incurred prior to the transfer of this case to the Northern District of California, which took place on June 6, 2018. ECF Nos. 368 (order directing the Special Master to submit an invoice for outstanding fees in light of case transfer) and 317 (process for adjudicating special master fees). The court has received defendant's objections, with the June 8, 2018 invoice submitted to defendant by the Special Master attached. ECF No. 371. For the reasons now explained, the CDE is responsible for $12,250.00 in fees to the Special Master.

////

## I. BACKGROUND

On July 2, 2015, the court appointed Winston Krone as Special Master in this action "for the limited purpose of facilitating the parties' development of an electronic discovery protocol." ECF No. 116 at 2. The court concluded that the Special Master's compensation for that task should be paid by defendant, the California Department of Education (CDE). In a minute order filed October 16, 2015, the court lifted a stay on discovery, authorized the parties to notice and file discovery motions, and authorized the assigned Magistrate Judge to "seek all appropriate assistance" from the Special Master in resolution of those motions and extended his appointment accordingly. ECF No. 124. In an order filed November 3, 2015, the court approved the electronic discovery protocol and directed CDE to meet and confer with the Special Master "to confirm whether the CDE has backups of the CASEMIS database," "on the production of email files, file servers, and network shares of custodians marked 'priority' by plaintiffs on September 14, 2015," and regarding "the use of deduplication procedures to avoid duplicate review for attorney-client privilege." ECF No. 127 at 2. The order also provided that "[u]ntil the Special Master determines the plaintiff has established a secure hosting environment and the court receives and approves his certification to that effect, the CDE will not be required to produce student data subject to protection under the Family Educational Rights and Privacy Act (FERPA)." ECF No. 127 at 3.

On December 1, 2015, the court issued an order stating that the CDE may object to any item in the Special Master's invoices. ECF No. 132 at 2. On January 25, 2016, the court set forth procedures for objecting to the Special Master's invoices. ECF No. 149. In its January 25, 2016 order, the court stated that costs for time spent by the Special Master on tasks arising from the granting of a discovery motion shall be paid by the party whose conduct required the court order. ECF No. 149 at 3. On April 4, 2016 the court ordered the parties to "restrict their communications with [the Special Master] to discussions about the production of email and network files," but that he would continue to fulfill his role "by assisting as an independent technical expert, including by assisting the assigned Magistrate Judge in any discovery matter she deems requires his assistance." ECF No. 170 at 2. On September 12, 2016, the Court noted its

expectation that the circumstances in which the Special Master would meet with one party outside the presence of the other "will be extremely rare, and will take place only with notice to the other party and with prior court approval." ECF No. 248.

The Special Master submitted an invoice to the CDE on November 11, 2015 for $23,678.88, 28 which the CDE paid in full. ECF No. 371 at 2. The Special Master subsequently submitted two invoices on February 6, 2017 totaling $14,262.50. Id. The February 6, 2017 invoice to the CDE was for $13,300.00, and the February 6, 2017 invoice to the Plaintiff was for $962.50. Id. On February 21, 2017, the CDE filed timely objections in camera to the February 6, 2017 invoice. ECF No. 317 at 1. On April 19, 2017, the Court ordered the CDE to pay the invoice without considering the CDE's objections. ECF Nos. 301-302. That same day, the CDE sought reconsideration of this order approving the Special Master's fees. ECF No. 309. On June 25, 2017, the court granted reconsideration and acknowledged that it had not considered the CDE's timely objections to the Special Master's fees due to a failure in its system for lodging objections. ECF No. 317. The court instituted a new objections system and ordered the Special Master to resubmit his invoice to the CDE. ECF No. 317. Thereafter, the CDE would have fourteen days to file any objections. Id.

On June 6, 2018, the Court transferred this case to the Northern District of California and ordered the Special Master to submit within fourteen days all outstanding invoices in accordance with ECF No. 317. On June 8, 2018, the Special Master resubmitted the same invoice that he had originally served on February 6, 2017 and to which the CDE had timely objected. ECF No. 371, Ex. A. The CDE objects to payment of the invoice. Id.

## II. ANALYSIS

The standards relevant to fixing the compensation of a Special Master are fully set forth in the court's July 2, 2015 order, ECF No. 116 at 2-5, and need not be repeated here. The CDE objects to the Special Master fees on five grounds: (1) the total amount billed to date by the Special Master is triple the amount originally budgeted; (2) the invoice includes "block" billing, which reduces transparency; (3) none of the entries were for tasks arising from the granting of a discovery motion; (4) the invoice does not provide sufficient detail to evaluate the Special

3

Master's recommended apportionment of costs and whether the tasks are within the scope of the duties outlined in ECF No. 116, as narrowed by ECF No. 170; and (5) the entries reflect the Special Master's work as the court's technical advisor that should not be billed to the CDE. ECF No. 371 at 3.

### A. Projected Budget Was Not Binding, Excess Hours Spent Was Result of Party Conduct

The CDE's first objection, that the Special Master's hours exceeded the initial projected budget, does not withstand scrutiny. Although the court considered the Special Master's anticipated protocol as part of his appointment, the court did not adopt it as a binding or limiting budget. ECF No. 116 at 2. As the CDE is well aware, discovery in this matter became increasingly complex and protracted as the case progressed due at least in part to the conduct of the CDE. At no time did the court indicate that the Special Master was bound by his initially proposed protocol in the event that the circumstances of the case required more of his time than anticipated. The fact that the Special Master exceeded his proposed initial costs because of the circumstances of the case is not grounds for eliminating or reducing CDE's responsibility to pay the invoice.

### B. The Special Master Did Not Improperly Block Bill

The Special Master's invoice is not impermissibly block billed. In the ordinary course of evaluating attorney's fees, a district court may make targeted reductions to an award if the fee applicant "block billed," meaning the applicant combined multiple tasks per billed hour, making it impossible to evaluate reasonableness. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). The CDE points to several entries in which the Special Master did, in fact, list more than one discrete task per line billed. ECF No. 371 at 4, 13-15. The undersigned has reviewed each of these entries, and concludes that their reasonableness can be readily evaluated despite the multiple listed tasks per line item. Indeed, although the entries combine distinct tasks, the billed items are generally related. For example, the February 26, 2016 bill reflects review of the discovery protocol, preparation for a phone call with Judge Mueller, and a phone call with Judge Mueller. ECF No. 371 at 14. Again, a thorough review of the Special Master's invoice reveals that the court can determine its reasonableness despite some instances of block billing. The court

1  declines to make any reductions to the fees owed based on block billing.

2        C.  <u>The CDE's Fee Responsibility is Not Limited to Discovery Orders</u>

3        The court rejects the argument that none of the Special Master fees are associated with a discovery motion, and therefore the court should not order the CDE to pay the fees. ECF No. 371 at 5. The CDE argues that in its July 25, 2016 order, the court stated that costs for time spent by the Special Master on tasks arising from the granting of a discovery motion shall be paid by the party whose conduct required the order. ECF No. 149 at 3. The CDE goes on to argue that none of the Special Master's fees arose from such an order, and because the CDE already paid for the fees arising from the creation of the discovery protocol (ECF No. 116 at 4), the CDE cannot be assigned further fees. ECF No. 371.

      First, it is not at all clear that none of the items billed were the result of work created by motions to compel grated against the CDE. Indeed, the CDE had no fewer than four discovery orders entered against it following the July 25, 2016 order. ECF Nos. 150, 229, 287, and 333. The CDE's conclusory one-sentence argument on this point is unconvincing. ECF No. 371 at 5. Second, it is not necessary for the court to conclude that billed items resulted from discovery orders because the court's January 25, 2016 order did not conclude that the CDE would *only* be responsible for bills if its conduct necessitated entry of a discovery order against it. ECF No. 149 at 3. Indeed, that order specifically states that "[f]or the tasks required by the court's November 3, 2015 order [setting out the discovery protocol], plaintiffs shall bear the costs of time spent by the Special Master determining whether plaintiffs have established a secure hosting environment, and CDE shall bear the costs of time spent by the Special Master on *the other tasks required by that order.*" ECF No. 149 at 2 (emphasis added). Thus, the CDE's argument on this point does not merit a fee reduction.

      D.  <u>The Special Master's Invoice is Sufficiently Detailed, With Two Exceptions</u>

      The CDE takes issue with several entries in the Special Master's invoice for insufficient detail. Upon independent review the court finds the invoice adequate overall, but agrees with the CDE on two points. First, the second listed February 26 and February 28, 2016 bills should have been charged to the plaintiff because they appear to be related to the establishment of a secure

environment. ECF No. 371 at 6-7, 14.  As stated above, plaintiffs are responsible for the Special Master's fees related to the establishment of a secure hosting environment for data.  ECF No. 149 at 2.  These billing entries, in the amount of $350.00 and $525.00, should have been directed to the plaintiff in accordance with the court's January 25, 2016 order.  Id.  Second, two bills for e-mail communications between the Special Master and plaintiffs on January 8 and January 9 of 2016 regarding a "proposed order" should have either been billed to plaintiffs or, in the alternative, are too vague for the court to determine that a bill to CDE is appropriate.  ECF No. 317 at 13.  These entries, each totaling $87.50, must be deducted from the CDE's bill. Accordingly, a total of $1,050.00 will be deducted from the total amount owed to the Special Master by CDE.

The CDE's remaining objections in this category are not well taken.  The CDE argues that certain billed entries each reflecting e-mailing with the CDE are duplicates, but there is no evidence to support that the Special Master simply did not email the CDE on two separate occasions.  ECF No. 371 at 6.  In the absence of evidence, the court will not assume an error.  The court also declines to accept the CDE's objection to the Special Master's billing for his colleague's attendance at a meeting; it is apparent that the colleague was assisting the Special Master in his duties and the court will not assume over-billing in the absence of any evidence.  Id. at 7.  Finally, the court will not deduct a billing entry for the Special Master's communication with plaintiff's counsel regarding the format of a production; it is apparent from the description in the bill that the CDE's production itself necessitated this contact.  Id. at 8.

E.  The CDE is Responsible For The Special Master's Communication With The Court

Upon an independent review of the billing entries, the court determines that invoice items related to the Special Master's coordination with the court are properly charged to CDE.  The CDE objects to paying for time entries associated with conversations between the court and the special master on the grounds that they fall outside of the scope of the Special Masseter's role as described in ECF No. 116, and are insufficiently detailed to determine whether they are within the scope of the court's order at ECF No. 170.  A particularized review of the invoice indicates that the Special Master's communication with the court falls under the CDE's responsibility for "costs

6

of time spent by the Special Master on the other tasks required by [the November 3, 2015 order]" as discussed above. ECF No. 149 at 2. It is in line with the court's previous orders that the CDE should bear responsibility for the time the Special Master spent informing the court of the progress and difficulties regarding the extremely complex and protracted electronic discovery issues in this case. Thus, the court declines to reduce the CDE's obligation to pay the Special Master invoice based on this argument.

## III. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants shall forward the amount of $12,250 ($13,300-$1,050) to the Clerk of the Court within 30 days of this order;

2. Upon receipt of the funds, the Clerk of the Court shall disburse the amount of $12,250 to Kivu Consulting Inc. at the following address:

   Kivu Consulting, Inc.
   Attn: Winston Krone, Esq.
   44 Montgomery Street
   Suite 700
   San Francisco, CA 94104.

3. The Clerk of the Court is directed to serve a copy of this order on the Financial Department of the Court.

DATED: August 22, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE